# CHARLESTON.

JENKINS v. HAWKINS.

(HOLT, JUDGE, absent.)

Submitted June 21, 1890.—Decided March 7, 1891.

ASSIGNMENT—DEED OF TRUST—PRIORITIES.

    Where eight notes for the purchase-money of land secured by deed of trust on said land have by assignments for value come into the hands of one person, and he in turn assigns four of them to a subassignee, who in turn assigns these four notes to the plaintiff "without recourse," the assignment by force of law as an incident thereto carries the deed of trust which secures the purchase-money; and the four notes so assigned are entitled to be first paid out of the proceeds of the land when the same is sold.

*Tomlinson & Wiley* for appellant, cited:

5 Ala. 363; 7 Gill & J. 120; Code, c. 72, s. 6; 44 Miss. 94; 10 Sme. & Mar. 631; 9 Sme. & Mar. 448; 6 How. 320; 21 Vt. 331; 9 Conn. 747; 6 Cal. 478; 17 Serg. & R. 400; 1 Pen. & W. 280; 34 Pa. St. 155; Walk. Ch'y 251; 25 Mich. 178; 27 Mich. 445; 36 Mich. 160; 44 Md. 573; 29 Miss. 46; 26 N. H. 317; 1 Humph. 536; 2 Tenn. Ch'y 568; 46 Tex. 592; 49 Tex. 358.

*Hogg & Beller* for appellee, cited:

Code, c. 72, s. 6; 18 W. Va. 370; 11 Gratt. 499; 16 W. Va. 651; 6 Gratt. 633; 13 Gratt. 705; 21 Gratt. 220; 2 Leigh 630; 20 W. Va. 497, p't 2 Syll. *et seq.*; Byl. Bills (5th Am. Ed.) 266; Edw'ds Bills & Prom. Notes (2d Ed.) 267; 1 Pars. Cont. (5th Ed.) 263; 3 Mass. 224; Upham v. Prince, 12 Mass.; Waite v. Foster, 33 Me.; 8 Barr 468; 5 Metc. 201; 1 Rand. 466; 8 Gratt. 533; 27 Gratt. 835.

LUCAS, PRESIDENT.

On the 18th September, 1890, the plaintiff, George F. Jenkins now appellee, filed his bill against W. R. Hawkins and W. H. Tomlinson, trustee in the Circuit Court of Mason county. The bill alleged that on the 4th of

March, 1880, one Early Jenkins conveyed to Tomlinson, as trustee for said Hawkins, two hundred and five and a half acres of land, in trust to secure the payment of the purchase-money therefor, consisting of eight promissory notes, payable to the order of Robert J. Love, all dated the 4th day of March, 1880, and payable in two, three, four, five, six, seven, eight and nine years from date; the first seven being for two hundred dollars each, and the other for one hundred and seventy five dollars; that soon afterwards Early Jenkins died intestate and without having paid any of said purchase-money; that payee, Robert J. Love, assigned these notes for value, and his assignee assigned all of the same for value to W. R. Hawkins, and W. R. Hawkins assigned Nos. 2, 3, 4 and 5 for value to one C. C. Miller, and said Miller assigned them for value to the plaintiff, but "without recourse;" and No. 5 of said notes was in a similar manner assigned to the plaintiff by the defendant, W. R. Hawkins; that the notes had come into the hands of Hawkins by assignment and delivery, but without any writing whatever.

Under these circumstances the plaintiff alleged that he had a first lien for these five notes upon the real estate securing them, but notwithstanding this fact it is charged that the trustee, Tomlinson, had advertised the land and was proceeding to sell the same to pay the three notes held by the defendant, Hawkins; stating in his advertisement of the trust-sale, in effect, that these alone remained unpaid, and that the land was to be sold for the benefit of Hawkins only. The bill further charges that a large amount of interest had been paid on the three notes held by Hawkins which had not been credited thereon, and that the same should be credited before sale under the deed of trust. Plaintiff further charges that he had paid considerable amount of interest on the notes assigned to him before such assignments, and that he is entitled to charge the interest so paid as a prior lien along with the notes themselves. It is averred that Early Jenkins died intestate without any estate, real or personal, except his interest in the land embraced in the deed of trust, and that his estate had been recently committed to the sheriff of Mason county.

The prayer of the bill is that W. R. Hawkins and W. H. Tomlinson, trustee, be enjoined from making any sale under said trust-deed until the further order of the court; and that the respective liens, their amounts, and their priorities arising under said trust may be ascertained and fixed by the court before any sale be made of the property in said trust-deed mentioned and described, and that said liens and their priorities may be properly adjusted and fixed; that this cause be referred to one of the commissioners of court; and for such other and further relief as to the court may seem meet.

The deed of trust, the advertisement and the original notes are exhibited with the bill, and upon the several notes assigned to Jenkins is written an assignment in the following form : "I assign the within note to G. F. Jenkins without any recourse whatever on me"—four of which assignments are signed by C. C. Miller, and the fifth by W. R. Hawkins. Injunction was granted as prayed for in the bill.

Subsequently Hawkins and the trustee, Tomlinson, filed their joint and several answers, in which they admit the execution of the deed of trust and the several notes, but they deny that Early Jenkins did not, nor his personal representatives, pay anything on said notes, but allege that in his lifetime he paid to C. C. Miller ninety six dollars on the notes held by him, and ninety six dollars on the notes held by W. R. Hawkins; and it is further alleged that the plaintiff, George F. Jenkins, paid by way of interest on the four notes held by C. C. Miller, one hundred and ninety two dollars, and on the notes held by Hawkins, two hundred and thirty seven dollars. The answer admits that the plaintiff, Jenkins, is the holder of the notes claimed in his bill, and that they were assigned to him as claimed without recourse; but it denies the effect of such assignments to give the assignee any preference whatever, or to entitle him to have any recourse upon the land. It is alleged that such assignments were made with the distinct understanding and agreement that the assignment was made to George F. Jenkins in order that he might hold the other heirs of Early Jenkins responsible to him for their proportion of

the debt of his father which he was thus paying off. The answer claims that, so far as the deed of trust and land are concerned, the payment of these notes operated as a complete discharge. Attention is called to the fact that on one of the notes assigned by Miller there is written the following: "This note was paid to me by George F. Jenkins two hundred and twelve dollars, March 5, 1883. C. C. MILLER;" and that all of said indorsement, except the signature, C. C. Miller, has been erased.

Sundry depositions were taken upon either side, and by a decree entered upon the 12th of February, 1890, the court perpetuated the injunction, and awarded costs to the plaintiff. It further decided that the notes held by plaintiff as assignee constituted a prior lien to that held by the defendant, W. R. Hawkins. It was further decreed that the trustee make sale of the real estate under the conditions of the trust-deed, and make report thereof to the next term. From this decree W. R. Hawkins has appealed to this Court.

For the purpose of deciding upon the rights of the respective parties to this litigation, we may regard W. R. Hawkins, who had acquired all of these notes for the deferred purchase-money of the land in question by assignment for value, as standing in the place of the original payee. It is not necessary that the intermediate assignments, or the immediate assignments, whereby he came into possession of these notes, should have been in writing; the simple delivery with intent to assign was all that was necessary, when sustained by sufficient consideration, as was here the case. *Ford* v. *Stuart*, 19 Johns. 342 ; *Jones* v. *Witter*, 13 Mass. 304.

Moreover, the contract of assingment, in the absence of an express agreement to the contrary, imported a gauranty that the assignee should receive the full amount of the notes from the maker, and also the right of the assignee to resort to the assignor for any part thereof which he should fail to collect from the maker, or the real security, by the exercise of due diligence. *Peay* v. *Morrison*, 10 Gratt. 149.

In the light of these well-established principles, it is difficult to understand how any serious controversy could

arise as to the question of priority between the four notes which George F. Jenkins held as assignee of C. C. Miller, and those still remaining in the possession of Hawkins, who stood, as we have seen, in the shoes of the original payee. His assignment to Miller for a valuable consideration gave the four notes, which Miller held, priority over all those which Hawkins retained. Miller's assignment to the plaintiff, Jenkins, though without recourse, carried with it, nevertheless, all the rights Miller had to the notes and the security by which they were secured, and the words "without recourse" only qualified the contract of assignment so far as to relieve Miller from the guaranty, which, as we have seen, would otherwise have attached. The claim made in the answer that the assignments to George F. Jenkins were made at his request, in order to enable him to hold his co-heirs responsible for their proportion of the purchase-money paid by him, seems to be wholly immaterial; since his rights must be determined, not by the motives which induced him to enter into the contract, but by the contract itself. And so, in regard to the defendant, Hawkins, he may have been ignorant of the effect of his assignment, but nevertheless he must abide by it and can not escape its consequences. In the case of *Tingle* v. *Fisher*, 20 W. Va. 497, it was held by this Court that "the assignment of a debt or chose in action, by force of law as an incident thereto, carries the deed of trust which secures the debt." It is further decided in the same case (page 509) "that when there are several debts secured, and there are successive assignments of them, the first assigned carries with it so much of the lien as is necessary to pay it, unless it is expressly provided otherwise."

Applying these principles, which are too well established to require further citation of authority, to the facts of this case, it is quite apparent that the notes assigned to George F. Jenkins were entitled to priority over those which were retained by Hawkins, and the Circuit Court committed no error in so holding. The evidence shows that Jenkins positively declined, under the advice of legal counsel, to have those notes indorsed as paid; but required, on the contrary, that those who received the benefit of the money

advanced out of the proceeds of his own labor, should assign the notes taken up to himself, which both Miller and Hawkins did, taking care, however, to avoid all personal responsibility by making the assignments without recourse.

With regard to the interest paid by G. F. Hawkins before his contract of assignment, the court below took no notice apparently of his claim for a lien to the extent of the interest so paid; and in this we think the Circuit Court was plainly right, as the plaintiff acquired no lien except by his contract of assignment, and these payments being made before that contract, might constitute a good claim for contribution as against his co-heirs, but could give him no lien upon the land itself, as against the holders of other notes for the purchase-money.

For these reasons we are of opinion that there is no error in the decree of the Circuit Court, and the same is affirmed.

AFFIRMED.