# CHARLESTON.

## MORGANTOWN BANK *v.* FOSTER.

Submitted June 10, 1891.—Decided December 7, 1891.

1. ASSUMPSIT—PLEADING—DEMURRER—JUDGMENT.
    Where issue was joined on the plea of *non assumpsit* and defendant then filed two special pleas, to which plaintiff demurred and the court overruled the demurrers, and gave final judgment against the plaintiff. It was error to give final judgment till the issue on the plea of *non assumpsit* had been tried, withdrawn or otherwise disposed of.

2. ASSUMPSIT—PLEADING—DEMURRER—JUDGMENT.
    If there be one or more pleas, and the demurrer thereto be sus-

tained, the party may plead further if he has any other defence, and if he has not, judgment may be rendered, if it is such a case that judgment by default or without a jury might have been rendered on it; otherwise, a writ of inquiry or its equivalent must be executed.

*T. J. Stealey, B. Engle* and *D. D. Johnson* for plaintiff in error, cited 18 W. Va. 290; 25 W. Va. 702; 14 W. Va. 387; 11 W. Va. 342; 33 W. Va. 272; 77 Va. 704; 76 Va. 925; 5 S. E. Rep. 442; 2 Am. L. Cas. 813.

*J. V. Blair* for defendant in error, cited 25 Gratt. 448; 13 W. Va. 718; 12 S. E. Rep. 1090; 20 W. Va. 498; 8 Am. & Eng. Ency. L. 635, 642; 2 Pom. Eq. Jur. § 808; 29 W. Va. 807; 2 Bl. Jdgmt. § 600; 30 W. Va. 768; 2 Bl. Jdgmt. § 903; 13 S. E. Rep. 59; 2 Call. 498; 1 Min. Inst. 671; 1 Chitt. Pl. (9th Am. Ed.) 661; Steph. Pl. 159, 160, 162; 31 W. Va. 64; 5 Am. & Eng. Ency. L. 549, 558, 560, 562; 2 W. Va. 13; 4 W. Va. 346; 32 W. Va. 519; Barton L. Pr. 57; 183, 186, 187; 2 W. Va. 285.

Holt, Judge:

This was an action of *assumpsit*, brought by the Morgantown Bank on the 21st day of July, 1881, in the Circuit Court of Tyler county, against C. A. Foster. The declaration avers, in substance, that on the 27th November, 1874, one James Wells executed to C. A. Foster his writing obligatory of that date, whereby he promised and bound himself to pay to Foster on or before the 1st day of April, 1878, the sum of two hundred and fifty dollars; that afterwards, for value received, Foster indorsed and assigned the same to one C. Shriver; that afterwards, to wit, on 5th September, 1878, Shriver, for value received, indorsed and assigned the same, it being then due and unpaid, to plaintiff, without any recourse on him; that the said Wells was, at the time said bond became due, totally and notoriously insolvent, and unable to pay the same, and has so remained insolvent ever since, and has never paid said bond, of all which premises Foster had notice; by reason whereof Foster became liable to pay plaintiff the said sum of two hundred and fifty dollars, with interest from the 1st day of

April, 1878, until paid, and, being so liable, and in consideration thereof, on the day aforesaid, undertook and promised the plaintiff to pay it said sum of two hundred and fifty dollars, with interest as aforesaid, when defendant should be thereunto afterwards requested, but, although requested, has neglected and refused, and still doth neglect and refuse to pay the same, to plaintiff's damage five hundred dollars, and therefore it brings suit, *etc.*

On the 17th of April, 1882, defendant, C. A. Foster, appeared, and pleaded *non assumpsit*, to which plaintiff replied by adding the *similiter.* Issue was joined, and the cause was continued. On 22d August, 1883, a jury was impanelled and sworn to try the cause, but being unable to agree was discharged, and the cause continued. On 11th April, 1889, defendant asked leave to withdraw his plea of *non assumpsit*, which motion the court overruled, and defendant thereupon demurred to plaintiff's declaration, which demurrer the court also overruled. Thereupon defendant tendered two special pleas in writing, marked, respectively, "No. 1" and "No. 2," and asked leave to file the same, to which plaintiff objected, but the court overruled the objection, and permitted the pleas to be filed, which was done, and plaintiff excepted, and prayed that its exception be made a part of the record, which was done. Plaintiff then replied generally to each of the pleas, issues were joined thereon, and the cause continued. On August 20, 1889, the plaintiff asked the court to set aside the issues joined on these two special pleas, and for leave to withdraw its replications to the pleas, to which defendant objected, but the court overruled the objection, set aside said issues joined on the two special pleas, gave leave to plaintiff to withdraw its replications to said pleas, which was done; and thereupon plaintiff demurred generally to each of said special pleas in writing, in which demurrer defendant joined. The court overruled the demurrer to each plea, and gave final judgment for defendant. These special pleas are as follows :

"First special plea: The Morgantown Bank, which sues, *etc.*, plaintiff vs. C. A. Foster, defendant. And the said defendant, by his attorney, comes, and for a further plea in

this behalf says that on the 27th day of November, 1874, he sold and conveyed to one James Wells, of Monongalia county, of this State, certain real estate situated therein, for the price and consideration of two thousand two hundred and fifty dollars, of which five hundred dollars was then and there paid in land, and five hundred dollars in money, and for the balance two bonds for five hundred dollars each and one bond for two hundred and fifty dollars were given by said Wells to this defendant; and in the deed, of conveyance made by him to said Wells he expressly reserved a vendor's lien on said real estate to secure the payment of said bonds. That subsequently this defendant assigned the said bond for two hundred and fifty dollars to one Cannon Shriver, and the other two for five hundred dollars each to the plaintiff in this action, the assignment of the two hundred and fifty dollar bond to Shriver being made first in time. That on the —— day of March, 1877, said plaintiff brought a suit in chancery in the Circuit Court of said Monongalia county to enforce said vendor's lien against said Wells, to which said Shriver was a defendant. That in said suit a decree was rendered by which said real estate was ordered to be sold, and the same was afterwards sold for the sum of seven hundred and seventy four dollars and seventeen cents. That an answer was filed for said Shriver in said suit, but it failed to set up the right of said Shriver to have the said bond for two hundred and fifty dollars assigned to him as aforesaid first paid, and no provision was made in the decree rendered by said court therein for such payment to said Shriver. That said plaintiff had knowledge and notice before said decree for sale was made, and before said sale was made, that the bond for two hundred and fifty dollars was assigned to said Shriver before the other two bonds for five hundred dollars each were assigned to it. That the price for which said land was sold was not sufficient to pay off all three of said bonds, and the proceeds of said sale were applied to the payment of the balance due on said bonds for five hundred dollars each, and the costs of said suit; and said proceeds were only sufficient for that purpose. And this defendant further says that by reason of

said Shriver's failure to assert the priority of his said lien in his said answer, and by reason of his having been made a party to said suit and having elected his remedy on the lien, he lost and waived his right of recourse against this defendant; and defendant further says that by said Shriver's assignment of said bond for two hundred and fifty dollars to the said plaintiff there was no right of recourse against this defendant assigned to the said plaintiff, and this the said defendant is ready to verify.   C. A. FOSTER.  By his Attorney."

"Second special plea: The Morgantown Bank, which sues, *etc.*, plaintiff vs. C. A. Foster, defendant.  And the said defendant, by his attorneys, comes, and for a further plea in this behalf says that on the 27th day of November, 1874, he sold and conveyed to one James Wells, of Monongalia county, of this state, certain real estate therein situated for the consideration and price of two thousand two hundred and fifty dollars, of which five hundred dollars was then and there paid in land and five hundred dollars in cash, and for the balance the said Wells then and there executed and delivered to this defendant two bonds for five hundred dollars each, and one bond for two hundred and fifty dollars; and in the deed of conveyance made by him to said Wells he expressly reserved a vendor's lien on said real estate to secure the payment of said bonds.  That afterwards said defendant assigned said bond for two hundred and fifty dollars to one Cannon Shriver, and the two bonds for five hundred dollars to the plaintiff, the assignment to Shriver being made first.  That on the —— day of March, 1877, said plaintiff commenced a suit in chancery in the Circuit Court of said Monongalia county to enforce the said vendor's lien and sell said real estate. That neither this defendant nor said Shriver was made a party to said suit by service of summons or by voluntary appearance or by attorney authorized by them, or either of them, or in person.  That said plaintiff had notice, before any proceedings were had in said suit, and before said two bonds for five hundred dollars each were assigned to it as aforesaid, that said bond for two hundred and fifty dollars had been assigned to said Shriver.  That, if this defendant

had been made party to this suit, and if he had received notice of the proceedings in said suit, he could have made said real estate sell for enough to pay off in full all three of said bonds and the costs of said suit. That a decree was rendered in said suit to sell said real estate, and in pursuance thereof it was afterwards sold for the sum of seven hundred and seventy four dollars and seventeen cents, and said sale was, by a further decree of said court, confirmed. And this defendant further says that the jurisdiction of said Circuit Court of said Monongalia county in said chancery suit over the person of this defendant and said Shriver was obtained and the decrees made therein were rendered by and through the fraud and covin of said plaintiff; that is to say, by the said plaintiff falsely and fraudulently, through its attorneys, Keck and Hough, entering the appearance of this defendant and said Shriver in said suit, and by filing separate answers for them therein without their authority and consent, and by concealing and suppressing from said court in its said bill and in said answer filed in said suit the fact that the said bond for two hundred and fifty dollars was assigned to said Shriver before the two bonds for five hundred dollars each were assigned to said plaintiff. And said defendant further says that by reason of the said fraud and covin of the plaintiff, as is hereinbefore set forth, the said court ordered said seven hundred and seventy four dollars and seventeen cents, after the payment of costs, to be applied to the payment of balance due on the bonds assigned to and held by said plaintiff, and there was nothing left of the proceeds of said sale, after such application was made, to pay on the bond for two hundred and fifty dollars; whereas, said proceeds should have been first applied to the payment of said last-named bond; and that the said real estate at the time it was so sold was reasonably worth one thousand five hundred dollars, of which said plaintiff then and there had notice, and this the said defendant is ready to verify. C. A. FOSTER. By his attorneys."

It was error to give final judgment against the plaintiff while the issue on the plea of *non assumpsit* was left standing and undetermined. There could properly be no final

judgment until the issue joined upon the plea of *non assumpsit* was tried. *Wilson* v. *Davisson,* 5 Mumf. 178. For this error the judgment of the court below must be reversed, and the cause remanded for a new trial. But, in order to avoid delay, it is proper to pass now upon the declaration and the two special pleas.

The declaration seems to be in the usual form, and I am unable to discover any substantial defect.

Special plea No. 1. The plaintiff, in the declaration, avers the various matters constituting the premises, and of which defendant had notice. It then avers that by reason thereof defendant became liable to pay the two hundred and fifty dollars *etc.*, and defendant, being so liable in consideration thereof, undertook and promised the plaintiff that he would pay it the said sum of two hundred and fifty dollars *etc.*

An action of *assumpsit* lies upon a promise expressly made or upon a promise implied by law as a legal inference from a given state of facts. But there is no such thing as an implied promise in pleading. That fact comes out only in the evidence, so that the promise, whether express or implied as matter of law, must, as matter of pleading, be alleged as an express promise; and, except in the cases of bills of exchange, promissory notes, and checks, the declaration must also disclose the consideration upon which the contract or promise is founded. Each party tacitly admits all such traversable allegations made on the opposite side as he does not traverse. Therefore each party must be allowed to deny in some form, either by the general traverse of the general issue or precise traverse, all material facts alleged against him. This promise, alleged in the declaration as an express one, constitutes its essential part, and must be denied or avoided. The general issue, *non assumpsit,* is a denial, for that covers the whole declaration, and puts the plaintiff to the proof of every material fact. But *assumpsit* is only a species of the more general class of actions of trespass on the case, and is treated, like all its class, with liberality as to the pleadings by relaxing some of the common rules. Hence in trespass on the case, whether growing out of tort or contract, many defences

strictly in avoidance may be given in evidence under the general issue, and therefore need not be specially pleaded. Hence it is commonly said that anything may be given in evidence under the plea of *non assumpsit* except the statute of limitations and tender. Set-off with us need not be specially pleaded, but, when specified in an account filed, may be proved without any plea except *non assumpsit*. Discharge in bankruptcy must be specially pleaded. Gould Pl., c. 6, § 46.

It follows from this that the defence, if good in law, attempted to be set up in these two special pleas could have been proved under the general issue. But it does not follow that they amount to the general issue; for, if they may be taken as confessing the truth of the declaration, and as setting up a bar by way of confession and avoidance, then such matters may be specially pleaded. But these pleas are not good as special pleas in bar by way of confession and avoidance because they do not attempt to confess and avoid the promise laid in the declaration as expressly made; and if the object was to deny such express promise, and no more, they could not do it in better form or more effectually than they had done by the pleas of *non assumpsit* already in, and still standing on the record undecided. Therefore both special pleas should have been rejected in answer to plaintiff's motion to reject when they were tendered.

Special plea No. 2. This is so obscure and confused, rambling, and inconclusive that nothing further need be said about it than to say that I suppose it was intended to present with some variations the defence intended by plea No. 1, with a few other half-way pleas thrown in for good measure.

Special plea No. 1. From this plea it is easy to gather that defendant meant to say, and in substance does say, that Shriver, the intermediate assignee from defendant and plaintiff's immediate assignor, was a party to a chancery suit in which the fund out of which his bond of two hundred and fifty dollars was first entitled to be paid, had willfully waived his right of priority, or had lost such plain and easy mode of receiving payment by his own negligence, not being willing even to put out his hand, and take the money in court, ready for him, or ready to be set apart for

him, in a chancery suit to which he was a party. Such willful waiver of his right to be paid first out of the fund in court, or his negligence in permitting such an opportunity to be paid to pass away, would have constituted, unexplained or unavoided, a good defence under the plea of *non assumpsit;* for section 14, c. 99, of the Code (1868 and 1891) provides that "the assignee of any bond, note, account, or writing not negotiable may maintain thereupon any action in his own name, without the addition of 'assignee,' which the original obligee or payee might have brought; but shall allow all just discounts, not only against himself but against the assignor, before the defendant had notice of the assignment;" and the term "discount," as here used, embraces any right which Foster has to an abatement of the demands against him as against his assignee, Shriver, for there is no privity of contract by assignment, between defendant, Foster, and the plaintiff, the remote assignee.

It is only by virtue of this statute that plaintiff can sue the defendant, Foster, at all; and Shriver can not put his assignee on any higher ground than he occupies himself without some act of Foster. And it is no answer to say that it is just as broad as it is long—that, if the two hundred and fifty dollars had been taken out of the proceeds of sale of the land, it would have left a deficiency of that amount on the two five hundred dollar bonds that Foster himself directly assigned to the bank. This is a wholly disconnected matter. No one in this suit knows what the grounds of defence may be in that one. Defendant may be able to show that he assigned to the bank the two five hundred dollar bonds without recourse, or that he only received seven hundred and fifty dollars for them, and therefore nothing more would be due on recourse.

It is enough to say at this time and according to this record that that case has nothing to do with this case. The two hundred and fifty dollar bond, as the first assigned, gave to Shriver, the assignee, the right to have it first paid out of the proceeds of the sale of the land, to enforce the vendor's lien, in which the two hundred and fifty dollars was included. The assignment of the two hundred and

fifty dollar bond by defendant, Foster, to Shriver carried with it, as an incident thereto, the vendor's lien expressly reserved on the face of the conveyance, and entitled Shriver, as assignee of such bond, as the one first assigned, to be first paid out of the proceeds of the sale of the land. *Jenkins* v. *Hawkins*, 34 W. Va. 799 (12 S. E. Rep. 1090); *Tingle* v. *Fisher*, 20 W. Va. 497.

It is true, Shriver was not bound as a condition precedent to his right of recourse to follow up this incident of the assignment. He could show debtor's insolvency when the bond was due, so that suit would be known in advance as sure to turn out to be unavailing; or he could bring suit at law, and prosecute it dilligently to *nulla bona*. None of these he saw fit to do, but, when in court of equity as party to a suit in which the proceeds of the sale of land to enforce the vendor's lien were in court ready to be given to him for the asking, he, according to the substance of this plea, waived his right, or negligently failed to put out his hand and take the money there ready for him. Therefore, by reason of such waiver or negligence on the part of Shriver, there was no implied promise raised by implication of law out of the facts stated as inducement to show a consideration in plaintiff's declaration with these new facts put in with them, and that was already sufficiently said by the plea of *non assumpsit*, which puts in issue the implied promise as well as the express one; whereas this special plea, if it puts in issue anything, does not expressly traverse either the implied or express promise alleged in the declaration.

In saying that such defence is admissible under the plea of *non assumpsit*, I do not mean that it could not be well pleaded specially, and so as to separate the law from the facts, as in a special plea of *non est factum*, so that the sufficiency of such defence could be settled on demurrer, but only that defendant has not done so.

For the error, already mentioned, of giving final judgment on demurrer to these two special pleas, leaving the issue joined on the plea of *non assumpsit* still standing wholly undetermined, the judgment must be reversed, and the cause remanded.

REVERSED.    REMANDED.