# CHARLESTON.

SUMMIT COAL COMPANY *v.* LUCY M. HAWLEY, *Admx., etc.*

(No. 5663)

Submitted September 14, 1926. Decided September 28, 1926.

1. JUDGMENT—*In Proceeding by Motion for Judgment on Note, Under General Issue, Defendant May Show That No Value Was Received for Such Note, and That it Was Never Expected to be Paid.*

   In a proceeding by motion for judgment on a negotiable promissory note, under the general issue the defendant may show that the note sued on was never intended as a binding obligation—was never expected to be paid; that it was given to cover up a dividend declared and paid by plaintiff corporation to its stockholders; that their respective stock subscription accounts were credited with payment in full; that defendant's decedent received no value from the said corporation for the note so executed.   (p. 209.)

   (Bills and Notes, 8 C. J. § 1265; Judgments, 34 C. J. § 433 [Anno].)

2. SAME—*In Proceeding by Motion for Judgment on Note, if Appreciable Evidence Sustains Defense That No Value Was Given for Note and That it Was Never Expected to be Paid, Instruction for Plaintiff is Error.*

   And if there is appreciable evidence sustaining such defense, it is error to take the case from the jury and instruct for plaintiff.   (p. 209.)

   (Bills and Notes, 8 C. J. § 1378; Judgments, 34 C. J. § 435 [Anno].)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. · Not part of Syllabi.)

Error to Circuit Court, Raleigh County.

Proceeding by the Summit Coal Company, by notice of motion for judgment on a note, against Lucy M. Hawley, administratrix of the estate of J. L. Hawley. Judgment for plaintiff, and defendant brings error.

*Judgment reversed; verdict set aside; new trial awarded.*

*File, Goldsmith & Scherer,* for plaintiff in error.

*W. H. McGinnis, John Q. Hutchinson,* and *W. A. Thornhill, Jr.,* for defendant in error.

WOODS, JUDGE:

Plaintiff instituted this action by notice of motion for judgment for the purpose of recovering money claimed to be due it on a certain promissory note in the sum of $7,000, executed by the defendant's decedent, J. L. Hawley, at Beckley, W. Va., on the 18th day of August, 1920, and made payable with interest six months after date to the order of Summit Coal Company (plaintiff) at The Raleigh County Bank of Beckley, W. Va. Recovery was had for the face of the note plus $2,236.50 interest, or a total of $9,236.50. From a judgment for that amount, the defendant brings error.

The note in question was given as the result of the action of the board of directors of Summit Coal Company at a meeting held on the 18th day of August, 1920, from the minutes of which it appears that E. L. Ellison the president of the plaintiff company reported to the directors that there was on deposit to the credit of the company more than $40,000, and that it further appeared that subscribers to the capital stock of the company had not all paid in full for their stock and that there remained to be paid on account of such subscriptions the sum of $26,000.00, divided as follows: E. L. Ellison, $7,000; J. L. Hawley, $7,000; J. Q. Hutchinson, $9,000, and John Anderson, $3,000, and that said sums represented the remainder to be paid on the $100,000 capital subscribed. It further appears from the minutes of said meeting that checks of the company were then issued to the respective

parties named for the respective sums mentioned and the notes of the respective parties given to the company and checks of the respective parties were also given to the company in payment for the several amounts of their subscriptions. Quoting from the minutes, "said stockholders do execute and deliver to this company their checks in payment for said stock in full. all of which is accordingly done and said checks and notes passed and the said stock issued and delivered." The photostatic copy of the minutes of this meeting shows that one word has been erased and lettered over in ink with the word "loaned". Defendant's decedent, J. L. Hawley, departed this life on the 3rd day of February, 1921, and she qualified as his administratrix on the 7th day of February, 1921. Defendant testified as a witness, and it is not denied, that shortly after her appointment as administratrix she possessed herself of her husband's records and papers, including his bank pass book and cancelled vouchers, and that she could no where find among them a record of any payment of $7,000 by him to the plaintiff company. She also testified that she could not find any record of her husband having received $7,000 from the company. For many years prior to his death J. L. Hawley did all of his banking business with The Beckley National Bank and it was established by the evidence of J. C. Meador, the assistant cashier, that no record of the alleged transaction with Summit Coal Company appeared in the account of J. L. Hawley as disclosed by the records of the bank. The defendant offered to prove by Basil G. Lilly, a bookkeeper of the Bank of Raleigh, and vouched that she could prove by such witness, that no record of any such transaction appeared among the records of the Bank of Raleigh, but the court refused to permit the defendant to prove such fact by the witness. The Summit Coal Company did its banking business with the Raleigh County Bank, and it was shown by the witness, James Lilly, a bookkeeper of that institution, that no record of the transaction appeared on the books of that bank in the name of J. L. Hawley, and that said Hawley did not receive credit in that bank for the check, and that he had not had an account with the bank since the

year 1916. Mrs. Hawley, on cross-examination, identified the endorsement of her husband on a check of Summit Coal Company exhibited to her, dated August 8, 1920, for the sum of $7,000, drawn on The Raleigh County Bank and made payable to J. L. Hawley. Witness, James Lilly, testified on cross-examination that while J. L. Hawley did not receive credit on the books of the bank for the proceeds of the $7,000 check, the check having been stamped "paid" by the bank, he may have received cash on the check, but this witness also testified on his re-direct examination that the check could have been endorsed and surrendered to The Raleigh County Bank and Summit Coal Company obtained the credit for it. Mrs. Hawley testified, and it is not denied, that a few months after her husband died Mr. Hutchinson told her that the note sued on "would never have to be paid." The statement was made to her by Mr. Hutchinson, who was then a director, secretary and treasurer and counsel for the plaintiff company at a time when the defendant was conferring with him for the purpose of ascertaining the indebtedness of the estate, in which conference she first learned of the existence of the note sued on. In the conference with Mr. Hutchinson it developed that the estate owed Combs Coal Company, on account of stock subscriptions, and also Mr. Hutchinson personally. After Mr. Hutchinson had advised the defendant that the note sued on would not have to be paid, she treated the matter as settled so far as liability of the estate for payment of the note was concerned. The defendant thereafter on December 18, 1922, June 30, 1923, and December 15, 1924, made three separate settlements of her accounts as administratrix before one of the commissioners of accounts, notices of which were duly given and published, but the note sued on was never presented for allowance, although Mr. Hutchinson appeared before the commissioner and proved other accounts, including his own, against the estate and had them allowed. The plaintiff never claimed that the note sued on was a liability of the estate or demanded payment thereof until sometime during the month of July, 1925.

After all of the evidence had been introduced on behalf of the plaintiff and as well on behalf of the defendant the court instructed the jury, over the objection of the defendant, to return a verdict in favor of the plaintiff for the principal sum of $7,000, together with interest thereon from the date of the note to the time of the verdict.

The defendant contends that the note sued on was never a binding obligation upon J. L. Hawley; that such note was given by him at the same time other notes were given by other stockholders to the corporation as a means of concealing what was in fact a dividend then declared and paid by the plaintiff to its stockholders; that his stock subscription account was credited with payment in full; and that defendant's decedent received no value from the said corporation for the note so executed. This contention, if sustained by the proof, would defeat a recovery. This defense may be given in evidence under the general issue and need not be specially pleaded. *Morgantown Bank* v. *Foster*, 35 W. Va. 357; *American Button-Hole Co.* v. *Burlack*, 35 W. Va. 647; *Schmulbach* v. *Williams*, 95 W. Va. 281. This makes it unnecessary to consider the sufficiency of the special pleas and the action of the court in striking them out. Whether the note was given to cover up a dividend or in return for a loan was one of fact for the jury. 5 Fletcher Corp. § 3523. It will serve no useful purpose to here argue a mere question of the weight or sufficiency of the evidence, as such argument could not be of any general interest or benefit. We think there was testimony in the case sufficient to warrant the submission to the jury on the defense set up. The court therefore erred in striking out the defendant's evidence and directing a verdict.

For this error the judgment of the circuit court is reversed, the verdict of the jury set aside, and a new trial awarded.

*Judgment reversed; verdict set aside; new trial awarded.*