# CHARLESTON.

HOME NATIONAL BANK OF SUTTON *v.* GEORGE E. BOYD *et al.*

(No. 5865)

Submitted November 15, 1927.    Decided November 22, 1927.

VENDOR AND PURCHASER—*Generally Notes of Series Secured by Vendor's Lien Take Preference in Order of Assignment; Payees or Assignees of Notes Secured by Vendor's Lien Payable to Grantors Jointly, Indorsed Without Recourse, Are Entitled to Proceeds of Land Proportionate to Amount*

*of Notes Assigned; Assignees of Notes Secured by Vendor's*
*Lien Held Entitled to Preference in Proceeds From Land*
*in Order of Assignments.*

The general rule in this state is that notes of a series secured by a vendor's lien take preference in the order of their
assignment by the payee; but where such notes are made payable to the grantors jointly; and such payees before assignment of any of the notes divide the same by endorsing them
to each other "without recourse", each of such payees or his
assignees will be entitled to participate in the distribution of
the proceeds of the sale of the lands in the proportion represented by the amount of the notes so assigned to him; but as
to the assignees of each distributee of the notes, they will
be entitled to preference in the order of the assignments to
them.

(Vendor and Purchaser, 39 Cyc. p. 1815.)

(NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not.
part of syllabi.)

Appeal from Circuit Court, Braxton County.

Suit by the Home National Bank of Sutton against George
E. Boyd and others to enforce a vendor's lien.   From a decree
fixing priorities of certain claims against property, and ordering a sale thereof, defendants Laidley and others appeal.

*Reversed and remanded.*

*Van B. Hall,* for appellants.
*W. E. Hines,* for appellee.

MILLER, JUDGE:

The plaintiff, the Home National Bank of Sutton, brought
this suit against the defendant Boyd to enforce a vendor's
lien reserved in a deed for coal properties and mining rights
by the defendants, C. E. Mollohan, L. T. Laidley and George
B. Vance, to secure Boyd's notes payable to them, five of which
were owned and held by the plaintiff.   From a decree fixing
the priorities of the claims against the property and ordering
a sale of the same, the defendants Laidley, Vance and First
National Bank of Carmichaels, Pennsylvania, have appealed.

From the pleadings it appears that on the 18th day of July,
1924, Mollohan, Laidley and Vance sold and conveyed to
Boyd three tracts of coal with certain mining rights, and

by the same deed Mollohan conveyed to the same grantee a contract of lease for forty-eight acres of coal lying contiguous to the three tracts aforesaid, the three grantors reserving a vendor's lien to secure the payment of the deferred purchase money, represented by twelve notes executed by Boyd, and payable to the three grantees jointly. The purchase price named in the deed was $15,000.00, of which $2,000.00 was paid in cash, the remainder of $13,000.00 being evidenced by the twelve notes named.

Shortly after the execution and delivery of the deed and the notes, the payees divided the twelve notes among themselves, Mollohan assigning to Laidley and Vance six of the notes, amounting to $9,600.00, and Laidley and Vance assigning to Mollohan the remaining six, amounting to $3,400.00, each of the notes being endorsed by the party or parties assigning the same, on the back thereof, "without recourse". On September 11, 1924, Mollohan sold and assigned to the plaintiff five of his notes, amounting to $2,450.00. September 18, 1924, Laidley and Vance, or perhaps Laidley, assigned a note of $1,250.00 to the First National Bank of Carmichaels; and on November 14, 1924, Mollohan assigned his remaining note for $950.00 to the Delphi Lumber Company. The remaining notes appear to be owned and held by Laidley and Vance.

The only evidence in the record is the depositions of the cashier of the plaintiff bank, to prove purchase of the notes sued on, in due course, before maturity and for value. On the pleadings and evidence the circuit court found that the plaintiff was entitled to first priority, the First National Bank of Carmichaels second, the Delphi Lumber Company third, and Laidley and Vance fourth.

The general rule is that where a person holding all of a series of notes secured by a mortgage or vendor's lien assigns one or more of them, the assignee or assignees are entitled to preference over the assignor when the land is sold to satisfy the lien; and in this state and in Virginia where such notes are assigned to different persons, the priority of the assigned notes is to be determined by reference to the time they were assigned, regardless of the dates of their maturity. *Taylor*

v. *Spindle,* 2 Gratt. 44; *McClintic* v. *Wise,* 25 Gratt. 448, 18 Am. Rep. 694; *Jenkins* v. *Hawkins,* 34 W. Va. 799; 1 Tucker's Commentaries, 353.    The reason assigned for giving the first assignee priority is that in a contest between the assignee and his assignor, the assignor should not be allowed to compete with the assignee for preference of payment out of the common fund, and that the subsequent assignee takes the security then held by his assignor.

But here the notes sought to be preferred were not assigned by the same payee or owner, but had been divided by the payees named therein.    In such a case should one of the payees be permitted to sell and assign the notes assigned to him by a division thereof, before the other payees could negotiate their notes, and thus deprive them of equal security with him, and in case the property fails to bring enough to satisfy all the notes, throw the burden of the loss on such payees?    Did not the parties in making a complete division of the notes "without recourse", intend that each should participate on equitable terms in the security created by the vendor's lien?

A mortgagee holding two or more notes secured by one mortgage can transfer the mortgage and one note, or he may by agreement fix the rights of the assignees of several of the notes to the mortgage security, whether he retains it or assigns it with the notes, and such an agreement may be implied from the circumstances of the transfer.    2 Jones on Mortgages, (7th ed.), Sec. 822a.    There seems to be no question that the mortgagee may by agreement with his assignees fix the priority of the notes assigned.    While there was no express agreement between the payees in the notes here involved at the time they divided the same, would it not be inequitable to say that one of them should be placed in a more advantageous position than the others by simply assigning a part of his notes first? The general rule of priority as between assignor and assignee, and between prior and subsequent assignees is based upon equitable principles.    *McClintic* v. *Wise, supra; Tucker, supra.*    Here Mollohan on the one hand, and Laidley and Vance on the other, do not stand in the relation of assignor and assignee.    When they divided their notes, they had equal

security; then would it not be inequitable to permit one of the parties by his own act to lessen or destroy the security of the other, if the property sold only for enough to pay the assignees of the former? In view of the equitable principles on which liens follow the notes secured thereby we think that in a division of such notes by the payees, the lien must follow in proportion to the amount of the notes assigned to each of the partitioners.

Such a rule could not affect the rights of assignees, "One who takes an assignment of a part of the notes secured by a mortgage should inquire of the maker and of the payee whether the others have been sold with a preferred lien upon the security. It is negligence on his part not to make such inquiry; and if the preferred lien has been given, it will be valid against such assignee." 1 Jones on Mortgages, Sec. 606. In this case the recorded deed retaining the vendor's lien fully described the notes, giving the amount and maturity date of each. The assignees of each of the payees, from the first endorsement on the back of each note, had full notice of the division thereof, as well as of the information contained in the deed. It was therefore their duty to inquire into the transactions had prior to assignment to them, and ascertain their rights under the lien.

The answer and cross-bills of the defendants Vance, Laidley and the First National Bank of Carmichaels allege that of the $15,000.00 consideration named in the deed to Boyd, $11,000.00 was to be paid to Laidley and Vance as sole owners of the three tracts of coal conveyed thereby, and that $4,000.00 was to be paid to Mollohan for the lease so conveyed, and that Laidley and Vance received $1,400.00, and Mollohan $600.00 of the cash consideration paid at the time of the execution of the deed. By special replications the Home National Bank of Sutton and Mollohan deny these allegations; so that we must take as true the recitals in the deed as making a *prima facie* case. The deed names Laidley, Vance and Mollohan as grantors of the three tracts of coal, and the vendor's lien was retained for the benefit of all three grantors. It is true the deed recites: "The three tracts of coal aforesaid being the same conveyed to L. T. Laidley and George B. Vance by

C. W. Flesher, Special Commissioner, by deed dated February 12, 1920;'' but other recitals in the deed show that Mollohan had owned part of the coal in 1917.   What interest or rights he had to convey does not clearly appear, but ·from the fact that he joined in the deed as a grantor and conveyed the property with covenants of general warranty, we must assume that he had an interest therein, without proof to the contrary.

The decree will be reversed, and the cause remanded for further proceedings in the circuit court.

<div align="right">

*Reversed and remanded.*