MARCH TERM, 1863. 575

Irving v. County of St. Louis.—Moore v. Maddock and Elliott.

————◦◦◦◦————

JAMES MOORE *et al.,* Appellants, *v.* MADDOCK AND LYMAN S. ELLIOTT *et al.,* Respondents.

*Note—Consideration.*—The payee of a promissory note given at the request of the payee and without any consideration, cannot recover against the maker.

*Appeal from St. Louis Circuit Court.*

The answer of Maddock alleged that the note " was given for a precedent debt due from the said defendant Elliott to the payees in said note named, and no consideration was paid to, or received by, this defendant for the execution of said note, and the same was and is void as to this defendant."

The answer further alleged that the defendant " executed said note described in said petition upon the suggestion and

at the request of Mr. Moore, one of the payees named in said note, without any consideration whatever of benefit or advantage to him, or of injury or disadvantage to the payees or either of them."

On the trial the plaintiffs proved they were partners at the date of the note, and read the note in evidence, and admitted that " plaintiff requested defendant Maddock to sign the note in controversy, and that the said defendant Maddock did sign said note at plaintiff's request, without any consideration so far as Maddock was concerned."

This was all the evidence in the case. The court thereupon, at the instance of the defendant Maddock, gave this instruction : " The plaintiffs having admitted that the defendant, Edward Maddock, signed the note in suit at their request and without any consideration on his part, plaintiffs cannot maintain an action upon the note as against him."

There was a judgment for the plaintiffs by default against Elliott and against them in favor of Maddock. A motion for a new trial was filed by the plaintiffs, which was overruled and the cause brought here by appeal on the part of the plaintiffs.

*Mc Clellan, Moody* and *Hillyer*, for appellants.

*C. D. Colman*, for respondents.

I. There was no error committed by the court below on the trial of the cause.

The defendant Maddock having executed the note on which the action was brought at the request of the plaintiffs, as between the plaintiffs and Maddock, Maddock was the surety of the plaintiffs, and they were bound to hold him harmless upon the note, and could not recover thereon against him.

The note, as between the plaintiffs and Maddock, was but accommodation paper. (Dowe v. Schult, 2 Denio, N. Y., 621, 4.)

BATES, Judge, delivered the opinion of the court.

Suit by payees of a promissory note against the maker. Defence that the note was made by the defendant at the plaintiffs' request, and without any consideration. At the trial these facts were admitted by the plaintiffs, and judgment was given for the defendant, as it should have been. The admission excludes the idea that he signed it as surety.

Judgment affirmed; Judges Bay and Dryden concur.