## LYONS v. WESTWATER.

(Circuit Court, W. D. Pennsylvania. October 7, 1909.)

### No. 42.

BILLS AND NOTES (§ 96*)—CONSIDERATION—ACCOMMODATION NOTES—LIABILITY TO RECEIVER OF PAYEE.

A national bank, desiring to increase its capital, found it necessary to dispose of 300 shares of the increased stock before it could do business on the increase. In order to deceive the Comptroller, it induced L. to give his note for the price thereof, which was passed into the assets of the bank, and the stock issued to one of the bank's officers, the certificate being held by the bank, the intention being to sell the stock as occasion offered and apply the proceeds to the note. L. received nothing for the note, paid no interest thereon; the dividends from the unsold stock received by the officer holding the stock being applied thereto. L. having failed in business, and it being necessary to substitute other paper for the note, one of the bank's officers procured defendant, who had no knowledge of the preceding facts, to execute his note to the bank on the cashier's

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

agreement that he should not be liable thereon, the cashier as part of the transaction writing defendant a letter reciting that it was expressly understood that defendant should not be liable on the note and that the bank would return the same to defendant on request without payment. Defendant renewed the note from time to time, paid no interest thereon, and received no dividends on. the stock. *Held,* that the bank's receiver was not entitled to enforce the note against defendant; there being no showing that it was necessary to pay creditors after the enforcement of stockholder's liabilities.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 165; Dec. Dig. § 96.*]

Action by Robert Lyons, as receiver of the Cosmopolitan National Bank, against James Westwater. On plaintiff's motion for a new trial and for judgment non obstante veredicto. Motion denied.

McCleave & Wendt, for plaintiff.

E. Y. Breck, for defendant.

BUFFINGTON, Circuit Judge. This is a motion by plaintiff for a new trial and for judgment non obstante veredicto. We find no sufficient grounds to warrant a new trial. No motion for continuance was made when the letter from the cashier was put in evidence, and we have no assurance now that any additional testimony bearing on such letter could be produced on a retrial.

The suit was brought by Robert Lyons, receiver of the Cosmopolitan National Bank, against James Westwater, to recover the sum of $37,-500, being the amount of a note of his which was found among the assets of the bank on the appointment of Lyons by the Comptroller of the Treasury. On the trial it appeared that prior to the note in suit the bank desired to increase its capital stock from $200,000 to $500,000. Under the law this increase had to .be subscribed and paid in before the bank would be permitted to do business on such increased capital. The increase was all subscribed for save 300 shares. To enable it to do business the bank, without the knowledge of the Comptroller, through some of its officials, had one Lyon give his note to it for $37,500; that being the price of 300 shares at $125 per share. This note was passed into the assets of the bank, and thereupon the latter issued to one of its officers its certificate for the unsubscribed for 300 shares. This certificate was held by the bank; the intention being to sell the stock as occasion offered and apply the proceeds to the payment of the Lyon note. Lyon received nothing for his note and paid no interest upon it; the dividend from the unsold stock being received by one of the bank officials and applied thereto. In this way the Comptroller was deceived, and led to issue a permit to the bank to do business on the basis of increased capital. Later on Lyon failed, and the bank examiner and Comptroller required the directors to have his note paid or substitute some good paper therefor. Thereupon McKinnie, one of the bank's officers, applied to Westwater, the defendant, who was a warm personal friend of his, but who was in no way interested in the bank and had no knowledge whatever of the preceding facts, and what happened is stated in the testimony of the two. McKinnie said:

"I told him I would like to have him accommodate by making a note for $37,500. We had a note in the bank for $37,500 we had to take out, and that we had 300 shares of stock that lay there in the bank; that, as soon as we could sell it, we would pay the note, and that there would be no liability to it; that we would hold him harmless from liability. I told him I would have the cashier give him a letter to that effect."

Westwater said:

"I was over here on a matter of business, stopping at the hotel, when Mr. Frank McKinnie came to me and asked me to make a note for $37,500 in favor of his uncle, Mr. Bean, as a matter of accommodation to him; that he wanted to use the note in the bank; and that he would have the bank send me a letter notifying me that I was not held responsible on that note. It was a mere accommodation, and I was not to be held responsible on that note. I told him with that understanding I would do it for him; gladly do it for him. I made out the note, or he did. I signed it. Then he had his uncle, Mr. Bean, sign it, as the note was payable to Mr. Bean, and the next day after I got home to Columbus, Ohio, I received a letter from the cashier of the bank regarding the note."

The letter of the cashier was as follows:

"Mr. James Westwater, Columbus, Ohio.      "Pittsburgh, Pa., Feb. 23, '09.

"Dear Sir: Your note for $37,500, for four months, to the order of H. R. Bean, received from Mr. McKinnie this A. M. It is explicitly understood that there is no liability attached to you for this note, the same being used by Mr. McKinnie as a substitute for another note. We hereby agree to return the same to you at any time on request without payment being made for the possession thereof.     Very Truly Yours,     D. J. Richardson, Cashier."

Westwater renewed the note from time to time until the note in suit was given. Other than as stated by him above he had no knowledge of prior transactions, that Lyon had given a note, or that McKinnie was bail upon it. He paid no interest at renewals, the bank applying the dividends on the 300 shares of its own stock it held to such interest payment. On the trial there was no proof that the proceeds of this note was or will be required to pay creditors. Under the authorities (Bushnell v. Leland, 164 U. S. 684, 17 Sup. Ct. 209, 41 L. Ed. 598; Studebaker v. Perry, 184 U. S. 258, 22 Sup. Ct. 463, 46 L. Ed. 528; Kennedy v. Gibson, 8 Wall. 498, 19 L. Ed. 476; Casey v. Galli, 94 U. S. 673, 24 L. Ed. 168; McCormick v. Bank, 165 U. S. 538, 17 Sup. Ct. 433, 41 L. Ed. 817), the Comptroller having exclusive power to levy assessments on stockholders for the payment of creditors, this court having no power to determine whether an assessment is necessary and the proof being that the creditors have already been paid 50 per cent. of their claims from the assets, that assets still remain unliquidated, and that the Comptroller has only assessed the stockholders 45 per cent., we are justified, in the absence of all proof on the subject, in assuming that the fruit of a judgment in this case would not be used for the payment of creditors, but in relief of stockholders and to reimburse them for the assessment the Comptroller has laid to liquidate the indebtedness of the bank. Now, it is clear that if the bank had sought to enforce this note prior to the receivership, and no rights of creditors were involved, it could not have done so. Westwater was not a party to, or indeed had any knowledge of, the original wrong which the bank, through its officers, had consummated. No questions of knowledge by the bank or ratification by it of acts of its officers

were involved so far as he was concerned. The acts had been done. The bank was doing business on the enlarged capital. It had issued a certificate for the stock to its own officer. It was applying the dividends on this stock to the interest of the Lyon note. It was enjoying the fruits of its officers' acts. Manifestly under such conditions it could not have recovered on this note from Westwater. And the receiver "takes subject to all claims and defenses that might have been interposed against the insolvent corporation." Scott v. Armstrong, 146 U. S. 499, 13 Sup. Ct. 148, 36 L. Ed. 1059; Fisher v. Simons, 28 U. S. App. 95, 64 Fed. 311, 12 C. C. A. 125; Casey v. La Société, 2 Woods, 77, Fed. Cas. No. 2,496. Banks as well as individuals are bound to be honest, and, as it would have been highly inequitable for this bank prior to the receivership to have collected this note for its stockholders, it is equally inequitable to do so after the receivership.

We accordingly deny the receiver's motion for judgment non obstante veredicto, and direct the clerk to enter judgment in favor of the defendant.

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes