# CHARLESTON.

FIRST NATIONAL BANK OF WEST UNION V. FREEMAN.

Submitted February 12, 1919.   Decided February 25, 1919.

1. BILLS AND NOTES—*Payee's Suit Against Maker—Defense— Accommodation.*

   In a suit by the payee of a negotiable note against the maker, the latter may defend by showing that it was made for the payee's accommodation and without consideration.   (p. 478).

2. ASSUMPSIT, ACTION OF—*Action Against Maker—Accommodation—Special Plea.*

   In an action of assumpsit by the payee against the maker of a note, the latter may file a special plea setting up facts showing that the note was made for the payee's accommodation and was without consideration, even though such matters are provable under the general issue which he has also pleaded.   (p. 478).

Questions Certified from Circuit Court, Doddridge County.

Action of assumpsit by the First National Bank of West Union against W. W. Freeman.   There was an order striking out a special plea and question certified.

*Order striking out plea reversed.*

. *J. Ramsey,* for plaintiff.
*Law & McCue,* for defendant.

WILLIAMS, JUDGE:

The question certified is, whether it was error to strike out defendant's special plea, which the court had previously permitted him to file, in this action of assumpsit on a promissory note made by him payable to plaintiff, a national bank. Defendant pleaded the general issue and also filed a special plea, which on motion of plaintiff the court later struck out. The special plea avers, in substance, that defendant was a stockholder and director of the plaintiff bank when the note was executed; that on making an examination into the financial condition of the bank, the Comptroller of Currency discovered that it had been carrying numerous notes and evidences of debt against certain persons, named in the plea, aggregating $23,068.74, which he refused to permit it longer

to carry as assets, and took temporary control of the bank, requiring it to replenish its assets to the extent of said $23,-068.74; that, at the same time, a number of suits were instituted against certain ones of the bank's debtors; that it would require some time to collect the money due from them, but that it was necessary to replenish the bank's assets, pending those suits, to prevent its being placed in the hands of a receiver, and rather than raise the money by assessing its stockholders, the bank, through its officers, attorneys and agents, solicited certain of its friends, among them the defendant, to execute to it their several individual, accommodation notes in order to enable it to supply the necessary assets; that on the representations by the bank's agents that the notes and accounts sued on were good and collectable and as fast as they could be collected the proceeds therefrom would be applied to the payment of said accommodation notes, until they should be fully paid, defendant executed his note, originally for $2,456.40 payable to said bank in six months, which, together with other notes of like character, executed by others for the same purpose in varying amounts, made up the deficit of $23,068.74, satisfied the requirements of the Comptroller of Currency and enabled the bank to continue in business; that there was no consideration whatever for said note, but that it was executed solely for the bank's accommodation and for the reasons stated; that, as the bank realized on said suits, the money was applied on said accommodation notes, and defendant's note was renewed from time to time until all the money collectable from the source named had been realized, leaving the defendant's renewal note, now sued on for the sum of $1,061.00 wholly unpaid; that at no time when defendant renewed his note was he requested to pay nor did he pay discount, and when he was notified that no more money could be collected by means of the aforesaid suits he refused to pay said note or any part of it, wherefore he prays judgment, etc.

This plea sets up a good defense. The rights of the bank's creditors do not appear to be involved. The note is still in the hands of the payee who brings the suit, and it is a well settled principle that as long as a negotiable note remains in

the payee's hands, want of consideration may be shown. The plea avers the note was made solely for the accommodation of the bank which is the plaintiff and payee, and if this fact be proven it will defeat the action. 3 R. C. L., Bills and Notes, Sec. 336; and Daniels on Neg. Inst., (6th ed.), Sec. 189. "The party for whose benefit accommodation paper has been made acquires no rights against the accommodation party who may set up the want of consideration as a defense to an action by the accommodated party, since as between them there is no consideration, a fact which is always a defense to a suit on negotiable paper between the immediate parties." 8 C. J. 259. The text is supported by a mass of decisions. The following decisions are in point: *Lyons* v. *Westwater*, 173 Fed. 111; *Peterson* v. *Tillinghast*, 192 Fed. 287; *Murphy* v. *Keyes*, 39 N. Y. Sup. 18; *Shuey* v. *Holmes*, (Wash.), 54 Pac. 540; *Second National Bank* v. *Howe*, (Minn), 42 N. W. 200; and *Neal* v. *Wilson*, (Mass.), 100 N. E. 544. "The fact that notes given to a bank without consideration are given for the purpose of increasing the apparent assets of the bank does not deprive the maker of the defense of want of consideration as between himself and the bank." *Chicago Title & Trust Co.* v. *Brady*, 65 S. W. 303. *Moore* v. *Maddock*, 33 Mo. 575, and *Williams* v. *Hasshagen*, (Cal.), 137 Pac. 9. It is permissible, in an action between the original parties to a note, to show the relation between them, or that the note was executed purely for the payee's accommodation. *Brown* v. *Smedley*, (Mich.), 98 N. W. 856; *Bank* v. *Kelly*, (N. D.), 152 N. W. 125; and *Haupt* v. *Vint*, 68 W. Va. 657, and authorities there cited.

No reason is assigned for striking out defendant's plea. The court may have rejected it because it thought it set up no defense to the action, or because it thought the defense set up by the special plea was provable under the general issue. If the case were before us on writ of error to a final judgment, the rejection of the plea would not alone be cause for reversal, because the matters averred are clearly provable under the general issue. But notwithstanding they are so provable, defendant had a right, if he so desired, to plead them specially, they being in the nature of a confession and

avoidance of the right of action. 1 Chitty on Pleading, (11th Amer. ed.), 480, and *Merchants & Miners Bank* v. *Evans,* 9 W. Va. 373.

Our conclusion is to reverse the order striking out the special plea and remand the cause.

*Order striking out special plea reversed.*