# CHARLESTON

FIRST NATIONAL BANK OF WEST UNION *v.* WILLIAM W. FREEMAN.

Submitted October 4, 1921.    Decided October 26, 1921.

1. BILLS AND NOTES—*Valuable Consideration Need Not be Averred or Proved.*

    In a suit upon a promissory note it is unnecessary to aver or prove that a valuable consideration therefor passed to the maker. The note itself imports a valuable consideration. (p. 346.)

2. SAME—*Bank Assignment of Past Due Notes to Directors and Stockholders Responsible for Their Purchase or Discount is Sufficient Consideration for Their Notes Reimbursing the Bank.*

    The assignment by a bank of past due notes to directors and stockholders thereof responsible for the purchase or discount thereof by the bank, constitutes a valuable and sufficient consideration for the individual notes of such directors and stockholders executed to the bank for their pro rata shares of the past due paper so assigned. (p. 347).

3. BANKS AND BANKING—*Banks Transferring Notes to Directors and Stockholders is Valid and Binding Without Minutes Being Kept.*

    The validity of such assignment by a bank to its directors and stockholders, made in good faith, does not depend upon whether or not any minute of the meeting of the directors at which such action or transaction took place was kept. If the directors were present and acted, their action was as valid and binding without a minute as if one was kept, for the fact of their action may be proved by any other competent evidence. (p. 350).

4. SAME—*Written Assignment of Paper by a Bank's Cashier to Directors and Stockholders Pursuant to Directors' Order Held Assignment in Due Course.*

    Such an assignment in writing of a part of the paper of a bank by the cashier thereof pursuant to such action of the

directors, should be regarded as an assignment in due course and binding on the corporation.   (p. 350).

5.   SAME—*Cashier Has General Authority to Indorse Negotiable Paper.*

The cashier of a bank has general authority to transfer by endorsement negotiable paper, and no special authority for this purpose is necessary.   (p. 351.)

6.   APPEAL AND ERROR—*Party Challenging Correctness of Judgment on Motion to Set Aside Demurrer to Evidence May Avail Himself of all Adverse Rulings.*

Whether a party demurring to the evidence of the other waives his exception to the rulings of the court excluding some of his competent and legal evidence on an important issue, is mooted but not decided.   If, however, he challenges the correctness of the judgment by a motion to set aside the demurrer and the verdict thereon as contrary to the law and the evidence, he may in this court avail himself of any errors in the adverse rulings of the court on the trial of the action.   (p. 351).

Error to Circuit Court, Doddridge County.

Action by the First National Bank of West Union against William W. Freeman, and from a judgment in favor of the defendant, the plaintiff brings error.

*Reversed and remanded.*

*Showalter & Frame* and *J. Ramsey,* for plaintiff in error.
*Law & McCue,* for defendant in error.

MILLER, JUDGE:

Freeman's defense to his note sued on, as shown by his special plea in writing, was that it was made without consideration and solely for the accommodation of plaintiff under the facts and circumstances set out in the plea.   The sufficiency of this plea as a defense to the action was before trial certified to us and here held to be good in law, though the facts pleaded were provable under the general issue. *First National Bank of West Union* v. *Freeman,* 83 W.. Va. 477.   On the former hearing we reversed the judgment below striking out the special plea, and remanded the case to the circuit court for trial on the issues joined thereon.

On the trial of this issue in the circuit court, after the

evidence on both sides was concluded, each of the parties interposed a motion to the court to. strike out the other's evidence and direct a verdict for the mover, both of which motions were overruled. After this action of the court the defendant then moved the court to exclude all the evidence of J. E. Trainer, W. J. McElhiney, W. G. Hammond, U. G. Summers, W. M. Stout, A. C. Bland, and J. Ramsey, in so far as 'the same, or any part thereof, tended to show an assignment by plaintiff to defendant of certain notes aggregating $23,068.74, and which purported to be represented by certain obligations of the directors to the bank, on the ground of want of record evidence thereof, and for the further reason that no such assignment of the assets of the bank could be made without official action of the board of directors legally assembled as directors and by resolution to that effect, which motion was sustained and the plaintiff excepted. And without waiving any exceptions theretofore interposed, the plaintiff by counsel then demurred to the evidence offered by defendant in support of his plea of want of consideration, which demurrer was joined in by defendant; and the defendant also demurred to plaintiff's evidence conflicting with his evidence as to his set-off filed, in which plaintiff joined; and the judgment of the court thereon, and on the special verdicts of the jury, was that the law thereon was for the defendant, and that plaintiff's demurrer be overruled, and that his demurrer to. plaintiff's evidence be sustained, and that he recover of the plaintiff the sum of $95.79, the damages assessed by the jury in his favor, with interest thereon and costs, from which judgment the plaintiff obtained the present writ of error.

In order to test the correctness or incorrectness of the rulings of the court on the several demurrers to the evidence, we must determine the burden of proof on the issues joined, and the status of the evidence of the respective parties at the time these demurrers were interposed. Of course the plaintiff had the burden of proving the note sued on, and that it was the note of defendant. This it sustained by the evidence of the cashier of the bank and the production in evidence of the note. It was neither necessary to aver or

prove that a valuable consideration had been received by the defendant therefor. The note *prima facie* imported a valuable consideration. 2 Enc. Dig. Va. & W. Va. Rep. 415, and the Virginia and West Virginia cases there digested.

After the case of the plaintiff had been thus established by its evidence, the defendant to sustain his plea of want of consideration undertook to prove by his own testimony the circumstances of his execution of the original note, of which the one sued on was a remote renewal, and particularly that the original note had been executed by him for the accommodation of the bank with the distinct understanding with the cashier and the attorney for the bank that it along with like notes executed at or about the same time by other directors of the bank to take the place of certain past due notes of its customers then aggregating the sum of $23,068.74, until those notes when collected and applied, as he was assured by those officers they would be, should pay off and discharge his note and the substituted notes of the other directors, and that he nor any of the makers of the substituted notes would ever have anything to pay thereon. He also introduced numerous duplicate deposit slips sent him by the bank from time to time showing credits to his account and applied from time to time to the reduction of his note, and reducing it at the time of the renewal sued on to the sum of $1,061.16.

To rebut defendant's evidence the plaintiff then introduced as witnesses its cashier and all of the directors and its attorney in office at the time, who proved that defendant's note was executed along with like notes of the other directors for his pro rata share of the past due notes held by the bank, and pursuant to an agreement between them, either in directors' meeting or immediately thereafter, and at the place of meeting of the directors, to the effect that each of the directors who were responsible for the discount of the past due notes should execute his note for his pro rata share thereof, and that the bank should assign to them the past due notes as collateral, and as collected, the sums collected should be applied pro rata on these notes, including that of plaintiff, and which had been done in accordance with such agreement; that some of the directors in place of executing notes had

paid their shares in cash, and thus gave the bank the benefit of the cash in place of notes therefor as the defendant had done. Plaintiff in connection with the oral testimony of these witnesses introduced as evidence a written assignment executed by the cashier of the bank. The defendant objected to the testimony of these witnesses and also to the introduction of the assignment, on the ground mainly that the transaction was not done in directors' meeting; that what the other directors did in the way of executing their notes or paying their shares in cash was not binding on him and constituted no consideration for the note executed by him; that he was not a party to the assignment and was not bound thereby. After the introduction of this assignment, to which the defendant by counsel had no objection, the court on his motion struck it out and refused to allow it to be considered by the jury. And at the conclusion of the evidence, as already noted, the court, on defendant's motion, also excluded all of the testimony of the witnesses Trainer, McElhiney, Hammond, Summers, Stout, Bland and Ramsey, in so far as the same, or any part thereof, tended to show an assignment by plaintiff of the said past due notes, for the reasons already stated; and the case went to the jury and to the court on the several demurrers to the evidence, with that evidence excluded, resulting in the judgment of the court thereon in favor of the defendant.

In order to dispose of the several points of error relied on, it becomes necessary to determine the correctness of the rulings of the court on the exclusion of plaintiff's evidence. The defendant had the affirmative of the issue on his plea of want of consideration and the character of his note sued on. The court permitted him to testify as to the facts and circumstances of its execution. And contrary to defendants contention Ramsey, attorney, testified that the written assignment was prepared by him on the night of the meeting of the directors, at which defendant was present, and at which meeting or at a meeting of the directors as individuals immediately afterwards, which we think unimportant, it was presented to and read by him in their presence and hearing, including Freeman, when it was agreed between the directors

and the cashier that they should pay or execute their notes to the bank for their respective shares of the past due notes and take in lieu thereof the collateral assignment of the old notes. And the evidence of the other directors was that this agreement had been fully executed on their part and that defendant alone had been delinquent therein; that the bank and its stockholders, including Freeman, had had the benefit of this transaction and the payments on account of the old notes.

The benefits thus accruing to the bank, to Freeman and the other stockholders and directors, and certainly the assignment of the past due notes, we think, constituted sufficient consideration accruing to Freeman for the execution of his original note and the renewal thereof sued on. A valuable consideration is the relinquishment by the promisee of some right which he may lawfully exercise or enforce, or the incurring of some risk or trouble at the instance of the promisor. *County Court* v. *Hall,* 51 W. Va. 269; *Hornbrooks* v. *Lucas,* 24 W. Va. 493; *Jackson* v. *Hough,* 38 W. Va. 236. Freeman had a large interest as a stockholder and director of the bank and in saving the bank financial embarrassment growing out of the past due notes accumulated while he was a director of the bank. This interest made the contract between the bank and the individual directors a sufficient consideration for his promise. Kittle's Modern Law of Assumpsit, 174; *State Bank of Pittsburg* v. *Kirk,* 216 Pa. St. 452. In the Pennsylvania case just cited the Supreme Court of that state held that a transaction between the directors and a bank, very similar to the one involved here, constituted a sufficient consideration to support the notes given by the directors of a bank. Here Freeman proved that he had so far assented to the agreement as to execute his note and take the payments thereon derived from collections made on the assigned notes. If he had not done so, undoubtedly the other directors would not have carried out the contract on their part. Ramsey, in charge of the collection of the assigned notes and judgments thereon, testified to Freeman's frequent visits to his office to inquire how he was getting along with the collections, and whether he or the other directors were liable to sustain

any loss.    The law is that where one with actual or constructive knowledge of the facts induces another by his words or conduct to believe that he acquiesces in or ratifies a transaction, or that he will offer no opposition thereto, and that other, in reliance on such belief, alters his position, such person is estopped from repudiating the transaction to the other's prejudice.   21 C. J. 1216; 16 Cyc. 787.

A further argument to support the ruling of the circuit court in rejecting the written assignment is that McElhiney, cashier, who signed it on behalf of the bank, was without authority in the premises.    We think there is no merit in this proposition.    Besides, the bank is not complaining of want of authority in the cashier.    The directors were together when the agreement was made.    It did not require a more formal meeting, or that some minute of the meeting should be kept, to bind the corporation and the directors.    *C. & O. Ry. Co.* v. *Deepwater Ry. Co.*, 57 W. Va. 641.    When the directors were so assembled, they could transact any lawful business, and the validity of their action would not depend on the fact that no minute thereof was preserved.

But it is contended that the assignment, signed, not in the corporate name, but by the cashier, describing himself as such officer, was not the act of the corporation and for this reason the paper was properly stricken out by the circuit court; this also upon the theory that the assignment of the bank's assets was not done in due course, and required the corporate action of the board of directors.    But if there was a meeting of the board of directors, his action was authorized.    But whether so or not, was not his assignment of the past due notes and the taking of the individual notes of the directors to cover the same done in due course?    We think the transaction was within the scope of his authority as cashier.    This case presents a different proposition from that presented in the *Citizens Bank* v. *Frederickson,* (Neb.), 120 N. W. 462.    In that case Frederickson, who executed the notes with automobiles assigned to him as security, was in no way previously obligated to the payee, nor otherwise interested except as accommodation maker of his notes.    The transaction was purely one for the accommodation of the corporation.    He had no

duty to the corporation as Freeman had in this case, nor was his promise supported thereby or by the consideration of the mutual promises between the bank and the other directors.

As to the authority of the cashier of a bank, he has general authority to transfer by endorsement negotiable paper, and no special authority for this purpose is necessary to be proved. 1 Michie on Banks and Banking, 719-721; *Smith* v. *Lawson,* 18 W. Va. 212; *Lamb, Trustee* v. *Cecil,* 28 W. Va. 653.

With all of the evidence of defendant in and all, or practically all, of that of the plaintiff on the issue presented by defendant's plea out by action of the court prior to the several demurrers of the parties to the evidence, the plaintiff was prejudiced in the eyes of the court and jury.    What course the demurrants might have taken with all the competent and legal evidence in, we can not say, nor do we know what the judgment of the court upon the demurrers to the evidence would have been, if all the evidence had been before it, as it should have been.    A question suggested in this connection is whether the plaintiff waived its objection to the rejection of its evidence by demurring to the evidence.    In *Washburn* v. *The Board of Commissioners of Shelby County,* 104 Ind. 321, that court held that a defendant, by demurring to plaintiff's evidence, does not deprive plaintiff of the right to make available questions upon the rulings excluding evidence.    Here the defendant had the affirmative of the issue on his plea, and with his evidence in, and the most or part of that of the plaintiff on that question out of the case by the adverse rulings of the court thereon, did plaintiff waive those adverse rulings on its evidence?    It may be that it did. This was a risk it was not bound to sustain, but it voluntarily did so. Whether it did or not, we need not say in this case, for we find by the record that on the adverse action of the court on its demurrer to the evidence, it moved the court to set aside the verdict because contrary to the law and the evidence. This motion, we think, saved to plaintiff the right to insist on its exceptions to the rulings of the trial court respecting its competent and legal evidence.    Thereby it challenged the correctness of the rulings of the court on its evidence, which points it saved on the record.    In *Miller* v. *Holt,* 47 W. Va.

7, there was a demurrer by plaintiff to defendant's evidence, overruled by the trial court.   There was also a motion by defendant to set aside the verdict and award him a new trial. This court reversed the judgment for the error in the verdict in failing to locate the line in the controversy, and awarded defendant a new trial.   It is well settled here and in Virginia, that if a proper showing be made therefor, the court has jurisdiction to set aside a demurrer to the evidence and award the demurrant a new trial, and the rules applicable to new trials generally is applicable in such cases, and that the rules applicable to new trials are pertinent where the case has not been properly developed and the court can see that other evidence exists, and that through the misconception of law applicable to the case or through some surprise, accident or oversight justice demands a new trial that the party injured may be permitted fully to present his case.   *Frymier* v. *Lorma Railroad Co.,* 76 W. Va. 96, 99, and decisions there cited.

Our conclusion in this case is that the judgment  below should be reversed, the demurrers to the evidence set aside, and the plaintiff awarded a new trial on all the issues.

*Reversed and remanded.*