# CHARLESTON.

## GEORGE E. DAVIS *v.* W. H. FISHER.

Submitted February 28, 1922.   Decided March 7, 1922.

1. PRINCIPAL AND AGENT—*In Action on a Contract where Defendant Pleaded Nil Debet Evidence He Made the Contract Merely as Agent for Disclosed Principal was Admissible Under the General Issue.*

   Plaintiff on motion under the statute sought to recover judgment for money alleged to be owing him under a verbal contract made with defendant. Defendant pleaded nil debet, and upon the trial offered evidence tending to show that when the alleged contract was made he was acting as the agent of a disclosed principal and not for himself and that plaintiff then knew he was so acting. Such evidence was admissible under the general issue and it was error to exclude it.   (p. 420).

2. PLEADINGS—*In Action on Contract, Where Defendant Pleaded Nil Debet, Plaintiff Not Moving to Require Defendant to File Particulars of Defense Cannot Object to Testimony Admissible Under Such Plea.*

   In an action for recovery of money due on contract where defendant has filed the plea of nil debet, the plaintiff has the right under section 46, chapter 130, Code, to move the Court to require the defendant to file a statement showing the particulars of his ground of defense, and upon his failure or neglect to make such motion, he can not on the ground of surprise object to evidence properly admissible under such plea.   (420.)

3. PRINCIPAL AND AGENT—*Principal and Not Agent Held Bound by Agent's· Commission Contract Made within Actual or Apparent Scope of Authority.*

Where an agent within the scope of his actual or apparent authority, and acting for and on behalf of his disclosed principal makes a contract to pay plaintiff commissions for his services in bringing about a meeting between the agent and the owner of certain timber which the principal desires to purchase, and in consequence of which meeting the agent procures such timber for his principal, such contract is deemed to be that of the principal, and the agent is not bound by it, unless his conduct or his express promise evinces an intention that he shalll be bound personally. (p. 422).

4. SAME—*Refusal of Instruction That Defendant Agent was Not Liable for Commissions Under Contract if Made for Disclosed Principal Held Error.*

Under such circumstances, it is error to refuse an instruction on behalf of the defendant agent in an action for such commissions which told the jury that if they believed from the evidence that the plaintiff and defendant made the contract as claimed by the plaintiff and that at the time it was made the defendant was acting for his principal in making the contract, and that plaintiff then knew the defendant was so acting, the jury should find for the defendant, there being no claim by the plaintiff that defendant promised to pay the debt of his principal. (p. 423).

Error to Circuit Court, Randolph County.

Action by George E. Davis against W. H. Fisher. Verdict and judgment for plaintiff, and, from an order denying a motion to set aside a verdict and for a new trial, the defendant brings error.

*Reversed and remanded.*

*W. B. & E. L. Maxwell,* for plaintiff in error.

*R. S. Irons* and *A. M. Cunningham,* for defendant in error.

MEREDITH, JUDGE :

Plaintiff caused to be served upon defendant a notice with affidavit attached that on February 19, 1919, he would move the circuit court of Randolph county for judgment against him for $540 with interest from September 1, 1918, for

commissions alleged to be due him from defendant upon a verbal contract made between them, whereby defendant agreed to pay plaintiff $1.00 per cord for each and every cord of locust timber taken from the lands of C. S. Armentrout in Dry Fork district in said county, for plaintiff's services and attention in securing a meeting between defendant and said Armentrout by and through which the defendant purchased said locust timber from Armentrout to the amount of 540 cords. Defendant filed his counter-affidavit and plea of nil debet, and upon a trial before a jury, a verdict was returned for the amount sued for; defendant's motion to set aside the verdict and award him ·a new trial was overruled, judgment was entered for plaintiff, and from that order defendant obtained a writ of error to this court.

Two errors are complained of:

First, that the court erred in excluding certain evidence offered by defendant, and,

Second, in refusing defendant's instruction No. 6, which is as follows:

"The court instructs the jury that if they believe from the evidence that the plaintiff and defendant did make the contract as claimed by the plaintiff, and that at the time said contract was made the defendant was acting for the Buena Vista Hardwood Company in making said contract, and that the plaintiff knew at that time that the defendant was so acting, then the jury should find for the defendant."

As these involve the same question, they may be considered together. The plaintiff offered evidence tending to show that defendant bought the Armentrout timber　and　that plaintiff was instrumental in bringing Armentrout and defendant together, and for which he was to be paid $1.00 per cord for all the timber purchased by defendant from Armentrout, and which amounted to 540 cords. Defendant ·denied any such agreement with plaintiff, and offered evidence tending to show that when he bought the timber he bought· it for the Buena Vista Hardwood Company and not for himself, and that he was acting solely as the agent of that company, and that such was known to the plaintiff at

that time; that plaintiff then had other contracts with that company by which he was furnishing it locust timber and made his settlements for such timber with defendant as agent of the company, and received a stipulated price of $18.00 per cord for all locust timber delivered by plaintiff to defendant as agent of the company, and which was the only compensation to which plaintiff was entitled by reason of his contracts made with that company.

It appears that defendant manufactured some of the Armentrout timber into locust pins for ship-building purposes under a contract with the Keystone Manufacturing Company, which company had bought the timber from the Hardwood Company. This evidence, as well as the evidence offered by defendant that he bought the timber not for himself but for and as agent of the Hardwood Company, the court excluded. It appears from the briefs filed in the case that this evidence was excluded on the theory that it could not be admitted under the general issue for two reasons; (1), that in order to have it admitted, defendant should have filed a plea in abatement at rules, alleging the non-joinder of the Hardwood Company as a co-contractor, and that this could not be done because the Hardwood Company was a non-resident of the state, and (2), that before such evidence could be admitted, defendant should have filed a special plea alleging his agency so as to give the plaintiff notice of his defense.

As to the first objection, there was no occasion for the filing of such plea in abatement; of course it could not be filed at rules, because the case was never at rules. Defendant did not seek to show by his evidence that the Hardwood Company was a co-contractor, that is, a contractor jointly liable with him in the purchase of the timber, but, on the contrary, his evidence offered and excluded tended to show that the Hardwood Company was the sole contractor, and defendant was not a contractor at all in any sense, either joint or several; that he was acting merely as its agent when the timber was bought and that his agency was known to the plaintiff. The second ground of objection is equally untenable. If the plaintiff desired to know the ground of

defense that would be relied on by defendant in the trial, all he needed to do was to move the court to require the defendant to file a statement showing the particular matters relied upon by him.   We have no doubt but the court would have readily granted it, under section 46, chapter 130 of the Code, which provides:

"In any action or motion, the court may order a statement to be filed of the particulars of the claim, or of the ground of defense; and if a party fail to comply with such order, may, when the case is tried or heard, exclude evidence of any matter not described in the notice, declaration, or other pleading of such party so plainly as to give the adverse party notice of its character."

It will be observed that this statute applies alike to plaintiff and defendant; no such motion was made and the plaintiff, therefore, could not properly object to the admission of defendant's evidence, because of surprise or because of lack of notice to him that it would be offered.

This evidence is clearly admissible under the general issue in this case.   All the authorities so hold.   As stated in IV Minor's Inst. 770, "Hence, under the plea of nil debet, the defendant may prove at the trial, coverture when the promise was made, lunacy, duress, infancy, release, arbitrament, accord and satisfaction, payment, a want of consideration for the promise, failure or fraud in the consideration, a former judgment for the same cause of action, illegality in the contract, as gaming, usury etc.; * * * and, in short, anything which shows that there is no existing debt."   See also, Kittle, Modern Law of Assumpsit, section 364; *Insurance Co.* v. *Buck,* 88 Va. 517, 13 S. E. 973; *Keckley* v. *Union Bank,* 79 Va. 462; *Richmond Union Pas. Ry. Co.* v. *New York Seabeach Ry. Co.,* 95 Va. 386, 28 S. E. 573; *Bank* v. *Foster,* 35 W. Va. 357, 13 S. E. 996; *Sutherland* v. *Guthrie,* 82 W. Va. 419, 96 S. E. 61.   The evidence offered by the defendant should have been permitted to go to the jury and its rejection was error.

But was defendant's instruction No. 6 above quoted proper in view of the evidence?  Plaintiff testified: "Mr. Fisher told me if I would get that locust—get Mr. Armentrout to

sell that locust he would give me a dollar on the cord for the
locust wood, all that came off of their land, whether he
brought it to Hendricks or manufactured it on the ground."
He further stated that if he (plaintiff) moved the timber
to Hendricks, he was to have in addition to the dollar a cord
his expenses for moving it.  It appears that at that time
the Hardwood Company had a mill at Hendricks for manu-
facturing the timber, but after it sold the timber to the Key-
stone Manufacturing Company, that company employed the
defendant to manufacture the  timber  on  the  ground,  so
plaintiff did not move any of it.

If defendant as agent of the Hardwood Company con-
tracted with plaintiff to pay him for his services, and plain-
tiff knew at that time that he was contracting with him as
agent, then plaintiff's contract was made with the Hardwood
Company.

"If an agent is acting within the scope of his actual or
apparent authority, and purports to enter into a contract
on behalf of the principal it is fundamental that the con-
tract is that of the principal and all rights and obligations
under it belong to him.  The agent can neither enforce it,
nor is he bound by it.  In informal contracts it is sometimes
a difficult question of fact to determine whether the agent
did contract on his own behalf or on behalf of his principal.
In any case the question is one of fact.  The inquiry must
be made, to whom was the third person justified in giving
credit?  If the name of the principal is disclosed, the pre-
sumption is strong of an intention to contract on behalf of
the principal, and not of the agent."  Williston, Contracts,
Sec. 281.

"Where an agent contracts on behalf of a disclosed prin-
cipal, in reference to the matters within the scope  of  the
agency, and within the scope of his authority conferred
upon him, there is always a legal presumption that he intend-
ed to bind his principal and not himself personally, and that
credit is extended to the principal and not to the agent;
and unless credit has been given to the agent expressly or ex-
clusively, and it was clearly his intention to assume a per-
sonal responsibility, and this is shown by clear and explicit

evidence, the agent will not be personally liable on the contract.'' Clark & Skyles, Agency, section 565; *Hall* v. *Lauderdale*, 46 N. Y. 70.

''A person having contracted with an agent, knowing him to be such, for the rent of a piano to be used in the principal's business, can not, by charging the account to the agent, elect to hold him for the rent, instead of the principal, and he is not precluded, by so charging, from asserting the claim against the principal.'' *Guest* v. *Burlington Opera House Company*, 74 Iowa 457, 38 N. W. 158; *Simonds* v. *Heard*, 23 Pick. 120, 34 Am. Dec. 41.

''Where in a chancery suit to require money to be paid on a contract it appears, that one of the parties, who signed the contract, had no interest in the subject but was acting as agent merely, and the other contracting party knew that he was acting as agent for others, no personal decree can be had against such person for the repayment of moneys paid on such contract.'' *Smith* v. *Bond* et als., 25 W. Va. 387. See also *Hoon* v. *Hyman*, 87 W. Va. 659, 105 S. E. 925.

The instruction told the jury that if they believed from the evidence that the parties made the contract as claimed by the plaintiff, and that at the time the contract was made the defendant was acting for the Hardwood Company in making the contract, that is, acting for it and in its behalf, and thus made the promise of $1.00 per cord to be paid by it, and that plaintiff then knew that defendant was so contracting on behalf of the Hardwood Company, the jury should find for the defendant. This instruction should have been given; it was error to refuse it. We, therefore, reverse the judgment, set aside the verdict, and remand the case for a new trial.

*Reversed and remanded.*