TREMONT TRUST COMPANY *vs.* DAVID H. BRAND & others.

Suffolk. December 11, 1922. — March 16, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Equity Jurisdiction,* To reach and apply corporate shares in payment of debt of shareholder. *Bills and Notes,* Consideration, Validity.

A trust company, the obligee in an instrument in writing in which the obligor promised to pay to the obligee or his order "one year after date for value received," $3,303 with interest at six per cent "in weekly installments of $10 each. . . . Failure to pay any of said installments at maturity making the whole due and payable forthwith," may maintain a suit in equity under G. L. c. 214, § 3, cl. 8, to reach and apply shares of stock of the obligor in a Massachusetts corporation in satisfaction of the obligation.

A promissory note payable to a trust company, given to satisfy overdue promissory notes of the maker held by the trust company and upon the promise of a vice-president of the trust company, performed by him, to introduce to the United States attorney certain legal counsel who was representing the maker in the matter of an indictment pending against him in the federal court, and to vouch for such counsel as a man of good standing at the bar, is supported by a good consideration.

In the suit above described, the defendant alleged in his answer in substance that the note relied on by the plaintiff was illegal because it was given in consideration of a promise of the vice-president of the bank to use his influence with the United States attorney to procure the dismissal of an indictment pending in the federal court against the maker, but the judge's findings negatived the existence of such a promise, and he correctly ruled that a valid consideration for the note existed.

BILL IN EQUITY, filed in the Superior Court on December 9, 1919, with a writ in trustee process dated December 6, 1919,

and afterwards amended, seeking to reach and apply to the payment of the obligation of the defendant Brand, described in the opinion, shares of stock of that defendant in two Massachusetts corporations.

The defendant Brand demurred. The demurrer was heard by *Hammond*, J., and was overruled. The suit afterwards was heard upon the merits by *Lawton*, J., a commissioner having been appointed under Equity Rule 35 to take the evidence. Material evidence and findings by the trial judge are described in the opinion. By order of *Wait*, J., a final decree granting the relief prayed for by the plaintiff was entered; and the defendant Brand appealed.

*W. H. Garland*, for the defendant Brand.

*D. L. Smith*, for the plaintiff.

PIERCE, J. This is a bill in equity under G. L. c. 214, § 3, cl. 8, to reach and apply in payment of a debt, which the bill alleges the defendants owe the plaintiff, certain shares of stock in a corporation organized under the laws of this Commonwealth. The defendant Brand is the maker, and the plaintiff the payee named in a promissory note which reads:

"Boston, Mass., Jan. 9, 1919.

"One year After date, for value received, the undersigned hereby promise to pay to the Tremont Trust Company, or order, at the office of the Company, 15 State Street, Boston, thirty-three hundred three and 40/100 dollars payable with int. at 6% in weekly installments of $10 each. First payment falling due Jan. 16, 1919. Failure to pay any of said installments at maturity making the whole due and payable forthwith.

David H. Brand.

Address 245 Humboldt Ave., Roxbury, Mass."

The defendants demurred to the amended bill, the demurrer was overruled, and the defendants duly appealed.

The demurrer rightly was overruled. G. L. c. 214, § 3, cl. 8, in terms authorizes a suit in equity to reach and apply shares in a corporation, whether the suit is founded on a debt or not. The words "value received" imported a consideration, and the note when produced is *prima facie* evidence of a consideration, the burden, on all the evidence, being upon the plaintiff to satisfy the court or jury by the preponderance of the evidence that

there was a consideration. *Black River Savings Bank* v. *Edwards,* 10 Gray, 387, 394. *Courtney* v. *Doyle,* 10 Allen, 122.

The defendant Brand in his answer admitted his signature to the instrument declared on, admitted payments to the amount credited, denied consideration was given or promised; and further answered "that the instrument sued upon by the plaintiff is founded upon an illegal consideration and is invalid," in that "on or about January 9, 1919, one Simon Swig, then vice-president and an officer of the plaintiff company, promised this defendant that if he would sign and deliver to the plaintiff the instrument set forth in the first paragraph of the plaintiff's bill, that he, said Swig, would procure the dismissal by the United States Attorney at Boston of a certain indictment in a criminal proceeding then pending in the United States District Court at said Boston against this defendant; that said indictment charged this defendant with an offence in violation of the criminal provisions of the Bankruptcy Act, which alleged offence was a felony under the laws of the United States; that relying upon said Swig's said promise, this defendant signed and delivered said instrument to the plaintiff and thereafter paid to the plaintiff the sums of money set forth in the second paragraph of this answer; that said Swig wholly failed and neglected to perform said promise and did not procure said United States Attorney to dismiss said criminal proceeding, but that the same was still pending at the time of the filing of the plaintiff's bill." The case was heard by a judge of the Superior Court; and the evidence, taken by a commissioner under Equity Rule 35, is before this court upon the appeal of the defendant from the final decree of the Superior Court entered February 3, 1921.

Warranted by the evidence, the judge found that the defendant Brand made two notes dated respectively January 12, 1916, and August 30, 1916; that in 1917 he petitioned himself into bankruptcy; that he has not received his discharge; that the foregoing notes were proved by the plaintiff in the bankruptcy proceedings, and thereafter waived in open court and claim withdrawn; that the plaintiff received no part of the ten per cent dividend declared; that on September 2, 1917, the defendant Brand was indicted by the United States Grand Jury for making a false oath in his aforesaid debtor's petition; that thereafter his

counsel saw the Assistant United States Attorney and the latter promised to nol pros this indictment; that the promise was not performed; that in January, 1919, the defendant Brand went to see Simon Swig, then vice-president of the plaintiff bank, and said to him in substance: "they are pressing my indictment again, and you can help me;" that he asked Swig to use his influence with the district attorney, Boynton, to have the indictment dismissed; that Swig made no reply but immediately in the defendant's presence called Mr. Boynton on the telephone and made an appointment to see him at four o'clock that afternoon; that Swig told the defendant to tell his counsel to come and see him; that the defendant and his counsel came to Swig's office the next morning, January 9, 1919; that Swig asked the counsel what was wanted and the latter said, in substance, that he desired Swig to go with him to Mr. Boynton, introduce him and vouch for him as a man of good standing at the bar; that Swig said he would do so if the defendant would give a new note for the amount due on the notes held by the bank; that the defendant demurred that he was not able to pay it, and his counsel said: "If you don't sign it, I have done all I can for you;" that the note in suit was then signed; that the note expressed in one sum the amounts due on the two previous notes; that in the books of the plaintiff bank there are entries that the notes are paid, but the notes were not delivered to the defendant or demanded by him; that after the note was signed Swig and the counsel went to Mr. Boynton's office; that Swig saw Boynton alone for a few minutes, then Swig withdrew and counsel saw him with the result that Boynton promised to nol pros the indictment; that the indictment was nol prossed on December 31, after the defendants had employed a new attorney.

The judge found that the note was given for a valid consideration. This finding was warranted by the evidence. The pre-existing notes which were entered as paid on the books of the plaintiff were a sufficient consideration, G. L. c. 107, § 48, and would have supported the defendant's new and unqualified promise even had their legal sanction been destroyed by a discharge of the defendant in the then pending bankruptcy proceedings. *Maxim* v. *Morse*, 8 Mass. 127. See *Citizens Loan Association* v. *Boston & Maine Railroad*, 196 Mass. 528, 530. Likewise the

promise of Swig to procure an interview with the United States Attorney, and to introduce and vouch for the counsel for the defendant as a man of good standing at the bar, which was in fact performed, could have been relied upon as introducing a new element of consideration. The facts found by the judge and the ruling that the note in suit was given for a valid consideration are inconsistent with, and negative the claim of, the defendants that Swig in consideration of the giving of the note promised and undertook to use his influence with the United States Attorney to procure the dismissal of the indictment. We agree that a promise or undertaking of the latter sort is illegal and cannot stand or furnish a consideration for a promise to pay money or to do or give any act or thing. *Ricketts* v. *Harvey*, 78 Ind. 152. *Shaw* v. *Reed*, 30 Maine, 105. *Wildey* v. *Collier*, 7 Md. 273. *Rogers* v. *Hill*, 22 R. I. 496.

*Decree affirmed.*