PERICLES CHALTAS *vs.* CHARLES CHRONIS & another.

Essex.    October 19, 1927. — November 21, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Contract,* Of indemnity.  *Bills and Notes,* Consideration.  *Words,* "Value received."

Two partners dissolved the partnership. One of the members then formed with a third person a new partnership and they agreed with the other member of the old partnership that they would pay all the outstanding debts, liabilities and encumbrances of the former partnership and would indemnify the retiring partner and hold him harmless against them. Previous to the making of the agreement, the members of the old partnership had made a negotiable promissory note payable to the nephew of one of them so that he might procure a loan for his own bene-

fit. The payee paid nothing for the note. When the note became due, the members of the new partnership refused to pay it and the retiring partner brought against them an action upon the contract of indemnity. A verdict for the defendants was ordered. *Held,* that

(1) The burden was upon the plaintiff to show that the note represented an outstanding debt, liability or encumbrance of the earlier partnership;

(2) The mere fact, that the note, which was given for the accommodation of the payee, bore the words "value received," did not constitute evidence of consideration warranting a submission to the jury of the question whether it was an outstanding debt, liability or encumbrance of the earlier partnership;

(3) The verdict for the defendants rightly was ordered.

CONTRACT against Charles Chronis and Peter E. Kostarelos upon a contract in writing "whereby the defendants promised the plaintiff that they would pay all the outstanding debts, liabilities and encumbrances of a partnership which, prior to the date of said agreement, had existed between the plaintiff and the defendant, Charles Chronis, and further that they would indemnify and save harmless the plaintiff against all such debts, liabilities and encumbrances"; the plaintiff further alleged "that, at the date of the execution of the said agreement, he, the plaintiff, and the defendant, Charles Chronis, had, in the course of the business of the said partnership, executed and delivered to one Elias Chaltas a certain promissory note . . . ; that the said promissory note became due on May 19, 1924, and was not paid by the defendants but upon presentment and demand for payment was suffered, by the defendants, to be protested." Writ dated July 18, 1924.

In the Superior Court, the action was tried before *Gray,* J. Besides the facts stated in the opinion, it appeared that the note described in the declaration had not been paid by the plaintiff. By order of the judge, a verdict for the defendants was entered. The plaintiff alleged exceptions.

The case was submitted on briefs.

*M. A. Flanagan & J. J. Fox, Jr.,* for the plaintiff.

*J. S. Graham & J. F. Cusick,* for the defendants.

SANDERSON, J. The plaintiff seeks to recover damages for breach of a written agreement. The only question presented is whether the judge was right in ordering a verdict for the defendants.

The plaintiff and the defendant Chronis were copartners doing business under the name of Modern Shower Baths, sometimes known as "Modern Baths Co." A note for $600, payable to Elias Chaltas was executed in the name "Modern Baths Co." and signed by both partners as makers. The only witness heard on behalf of the plaintiff was the defendant Chronis. From his testimony it appeared that, when the note was given, the plaintiff stated to Chronis that the plaintiff's nephew, Elias Chaltas, desired to obtain a loan and could accomplish this result if he had a note of the partnership payable to himself, and that if such a note was executed the payee would take care of it. The partnership thereafter was dissolved by an agreement in writing and a new partnership formed between the defendant Chronis and the defendant Kostarelos, who agreed that they would pay all the outstanding debts, liabilities and encumbrances of the partnership and indemnify and save harmless the plaintiff against the same. In this agreement each of the former partners released the other from all claims arising out of the partnership "excepting their joint obligation on note to Elias Chaltas." At the maturity of the note it was deposited with a bank for collection and, not being paid, was protested and notice sent to the makers.

The testimony of Chronis to the effect that neither the partnership nor the defendant Chronis received any consideration for the note in question, that when the plaintiff left the firm and Kostarelos came in the plaintiff stated to both defendants that the note was "dead," that the payee never had paid anything for it, and that it never would have to be paid, was undisputed. The parties agreed that the note, if found to be supported by a valid consideration, was a partnership obligation within the meaning of the agreement for dissolution.

The evidence would not justify a finding that there was any consideration for the note. It was given for the accommodation of the payee. The plaintiff, who was one of the makers of the note, had the burden of proving that it represented an outstanding debt, liability or encumbrance of the partnership and that he was entitled to be indemnified and

saved harmless against it. In an action on a negotiable promissory note the words for "value received" are *prima facie* evidence of consideration. *Huntington* v. *Shute,* 180 Mass. 371, 372. G. L. c. 107, § 47. But this action is not to recover on the note but for a breach of an agreement in writing, in which the plaintiff seeks as damages the principal sum of the note. There was no issue of fact for the jury. The order directing a verdict for the defendants was right.

<i>Exceptions overruled.</i>