FLORA E. FREEMAN *vs.* DAVENPORT PETERS COMPANY
& another.

Suffolk.    May 19, 1930. — July 8, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Bills and Notes,* Validity, Consideration, Holder in due course.  *Mortgage,* Of real estate: validity, assignment.  *Equity Jurisdiction,* To enjoin foreclosure of mortgage.

Upon appeal from a final decree entered in a suit in equity after a hearing by a judge of the Superior Court at which the evidence, partly oral and partly documentary, was taken and reported by a stenographer appointed under G. L. c. 214, § 24; Equity Rule 29 (1926), the findings by the judge must stand unless this court, upon an examination of the testimony, can say that they were clearly wrong.

A judge who heard a suit in equity by a mortgagor of land, a woman, against the mortgagee and an assignee of the mortgage and mortgage note, for their cancellation and to restrain the foreclosure of the mortgage, found that the plaintiff's husband, while conducting a business as an individual, became indebted to a creditor; that he later incorporated the business and continued to be interested therein; that the creditor, although cognizant of the incorporation, continued for several months to make his charges to the husband for goods sold; that he thereafter charged the corporation; that the husband later conveyed the land in question to the plaintiff; that, upon the creditor's becoming anxious as to the debt due him, a conference was had between the creditor and his attorney and an attorney representing the husband, as a result of which the mortgage and mortgage note were given to the creditor "to keep . . . [him] quiet"; that, more than two years later, the creditor before maturity assigned the mortgage and mortgage note to the defendant assignee as security for an indebtedness of his to the assignee in a sum greater than the amount of the note; that the assignee, who did not know that the mortgagee had no claim against the husband, was a holder in due course; that the mortgagee was not guilty of any fraud or duress in the transactions; and that it still was uncertain and disputed whether the amount owed to the mortgagee was the indebtedness of the husband or of the corporation which he had formed.  A final decree was entered dismissing the bill.  *Held,* that

(1) Whether the entire amount due the mortgagee was owed by the husband or by the corporation, or what was the exact amount owed by each, was not material: the indebtedness due the mortgagee was valid consideration for the note and mortgage, which were

given to secure that indebtedness with the complete understanding of the parties thereto or their representatives;

(2) The finding, that the defendant assignee was a holder in due course, was warranted;

(3) In the circumstances, the bill properly was dismissed.

BILL IN EQUITY, filed in the Superior Court on November 29, 1929, and described in the opinion.

The suit was heard by *Burns,* J., a stenographer having been appointed under G. L. c. 214, § 24; Equity Rule 29 (1926). Material findings by the judge are stated in the opinion. By his order, a final decree was entered dismissing the bill. The plaintiff appealed.

*D. R. Radovsky,* (*W. J. Barry* with him,) for the plaintiff.
*S. Macmillan,* for the defendants.

CARROLL, J. This bill in equity seeks to restrain the defendants from foreclosing or negotiating a mortgage and note for $7,000 given by the plaintiff to the defendant McDonald and by him assigned to the defendant Davenport Peters Company; and to have the mortgage and note declared void and "cancelled and returned" to the plaintiff. The case was heard by a judge of the Superior Court. A decree was entered dismissing the bill and the plaintiff appealed. The evidence is reported.

It was found that the plaintiff is the wife of William Freeman. For some time prior to May 13, 1926, he was indebted to McDonald. On that date Freeman incorporated his construction business under the name of the William Freeman Construction Company. McDonald knew on June 5, 1926, of the incorporation, but thereafter made no charge to the corporation for merchandise sold until August 1, 1926, the charge being made to Freeman or Freeman & Company. On November 13, 1926, Freeman conveyed certain real estate to his wife, and early in December of that year went with her to Florida, Freeman at the time being seriously ill. McDonald "became anxious about what he claimed was owed him and conferences were had with plaintiff's son, who had a power of attorney to act for his father." An attorney at law representing McDonald, bookkeepers and accountants of both McDonald and the construction company, and an

attorney representing the Freemans attended these conferences. McDonald desired security for his claim "and said something to the effect that the deed from William Freeman to his wife might be set aside, or Freeman might be petitioned into bankruptcy." Freeman's attorney disputed McDonald's claim, particularly the claim against Freeman personally, "but reluctantly advised or consented" that the plaintiff should give a mortgage and note to McDonald in the sum of $7,000 "to keep McDonald quiet," and in February of 1927 the mortgage and note were sent to Florida and executed by the plaintiff. Freeman signed the mortgage.

It was alleged in the bill that McDonald had no claim against Freeman; that his claim was against the William Freeman Construction Company; that the plaintiff when the note and mortgage were executed "believed his representations to be true that he had a claim against her husband." The judge found that these allegations were not sustained; that whatever representations were made by McDonald as to the amount due him were made at the conferences referred to.

On September 12, 1929, McDonald assigned the note and mortgage to the defendant Davenport Peters Company as security for his indebtedness to that company. It was found that no fraud was committed by McDonald; that Davenport Peters Company did not know that McDonald had no claim against Freeman; that this company received the note and mortgage from McDonald as security, he being indebted to that company in an amount larger than the amount of the note and mortgage. It was also found that there was default in the mortgage; that McDonald was not guilty of duress; that Davenport Peters Company is a holder in due course and is acting within its rights in foreclosing the mortgage.

The evidence was in large part oral, although some of it was documentary. Where a case in equity of this kind is heard by a judge, and the evidence reported, his findings will not be set aside unless upon an examination of the testimony we can say that his findings were clearly wrong.

*M. E. Hall Co.* v. *Gale,* 248 Mass. 299. *Thayer* v. *Atwood,* 259 Mass. 523. The judge saw the witnesses, he could believe the testimony of McDonald, and he could find on the evidence that neither fraud nor duress was practised by McDonald. It could have been found that McDonald assigned the note and mortgage to Davenport Peters Company to secure his debt to that company. There was conflicting testimony, but on a review of all the evidence we see no reason for disturbing the findings of the trial judge.

There was evidence that on August 1, 1926, it was determined that this was the date at which McDonald began business with the "William Freeman Construction Company"; that McDonald's books were adjusted accordingly and "Freeman & Company" credited with the sum of $7,000. The sixth paragraph of the plaintiff's bill alleges that McDonald had no claim against Freeman, that his claim was against the William Freeman Construction Company. The judge found that the allegations of the sixth paragraph were not sustained; he stated: "It is still in dispute as to whether McDonald's entire claim is against the construction company and I rule that it is unnecessary to decide that in this action." It was also found that as early as May, 1926, Freeman, before he incorporated the business, "owed McDonald considerable." It appeared that Freeman incorporated his construction business, and was himself interested in that corporation. It was disputed whether the amount involved was owed by him individually or was owed by the corporation. There was evidence that the mortgage and note were given for the indebtedness. Whether the entire sum was due from the individual or from the corporation, or what was the exact amount due from each, is not material. There was a valid consideration for the note and mortgage; the amount was actually due McDonald; and, apparently with the complete understanding of the parties or their representatives, this form of settlement was agreed to.

The judge found that Davenport Peters Company was a holder in due course. There was evidence to warrant this finding. The note and mortgage were transferred

before maturity to this company as security for an existing debt. G. L. c. 107, § 48. *Reynolds* v. *Park Trust Co.* 245 Mass. 440, 444. As there was no fraud practised by McDonald and the note and mortgage were duly assigned as security for an existing debt, the findings of the judge are to stand. G. L. c. 107, § 79. *Reynolds* v. *Park Trust Co. supra.*

*Decree affirmed with costs.*