124 S.E.2d 355 (1962)
Thomas H. LIGHTNER
v.
Lillie E. LIGHTNER.
No. 12093.
Supreme Court of Appeals of West Virginia.
Submitted January 16, 1962.
Decided March 13, 1962.
*357 Haynes & Ford, Sheldon E. Haynes, Lewisburg, for appellant.
J. M. Holt, Lewisburg, for appellee.
*356 HAYMOND, Judge.
In this notice of motion for judgment proceeding instituted in the Circuit Court of Greenbrier County in May, 1960, the plaintiff, Thomas H. Lightner, the holder of a promissory note in the principal sum *358 of $10,900.00, payable to the order of M. S. Lightner and signed by the defendant, Lillie E. Lightner, as maker, seeks a recovery against the defendant for the amount of the note and accrued interest. With the notice the plaintiff filed his affidavit that there is justly due, owing and unpaid by the defendant the sum of $16,820.50, the aggregate amount of principal and interest, after deducting all payments, credits and sets-off made by the defendant or to which she may be entitled. The defendant filed her counter affidavit that there is no sum due by the defendant to the plaintiff upon the demand stated in the notice and affidavit of the plaintiff.
Without objection the case was tried according to the procedure which existed before the effective date of the recently adopted West Virginia Rules of Civil Procedure and upon the trial the jury returned a verdict in favor of the defendant. On August 18, 1961, the circuit court overruled the motion of the plaintiff to set aside the verdict and grant him a new trial and rendered judgment upon the verdict and awarded costs in favor of the defendant. From that judgment this Court granted this appeal upon the application of the plaintiff.
The note which forms the basis of the claim of the plaintiff and which was appraised as an asset of the Estate of M. S. Lightner, deceased, is in this form:
 "$10,900.00
Ronceverte, W. Va., June 3, 1950 ______
after date I promise to pay to the order of
M. S. Lightner Ten Thousand and nine
hundred and No/100 Dollars. Negotiable
and payable at The First National Bank in
Ronceverte, W. Va. The makers and
endorsers hereby severally waive presentment,
demand for payment, protest, notice
of protest and notice of any payment of
this note. Value received. No. Interest
in Greenhouse property. Renewal
No. ______ Due _______.
Lillie E. Lightner.
"We, the endorsers of this note, do each and severally waive protest thereof, and agree that time of payment may be extended without notice.
"Pay to the order of Thomas H. Lightner, without recourse. Birdie H. Lightner, Admx. M. S. Lightner Estate."
In defense of the claim of the plaintiff the defendant contends and undertook to show that the note was not based upon a valuable consideration and that at the time it was executed and delivered there was an oral agreement between the parties to it that the defendant would not be required to pay any part of the note.
The plaintiff insists that, in the absence of a special plea by the defendant of failure of consideration, evidence to show that the note was not based upon a valuable consideration was inadmissible and that evidence of any verbal agreement between the parties to the note at the time of its execution and delivery that the defendant would not be required to pay it was likewise inadmissible because violative of the parol evidence rule.
Sometime in March 1950, before the execution and delivery of the note, M. S. Lightner and the defendant Lillie E. Lightner, who were brother and sister, arranged to purchase property to be used by them as a residence at a price of approximately $22,000.00. The deed to the property which is referred to as the "greenhouse property" was made to the defendant and it appeared that she paid $10,000.00 of the purchase price and that M. S. Lightner paid the residue which was more than the principal amount of the note. After this purchase was concluded the defendant executed and delivered the note for $10,900.00 to M. S. Lightner, who had it in his possession until his death in 1958. After his death the note was appraised at its full value as an asset of the estate of M. S. Lightner, and his wife, Birdie H. Lightner, as administratrix of his estate, instituted an action against Lillie E. Lightner to collect the note. In that action, however, the administratrix took a nonsuit and later transferred the *359 note, without recourse, to the plaintiff who paid her $100.00 for the note. After he purchased the note the plaintiff by his attorney demanded payment of the defendant and after her refusal to pay the note the plaintiff instituted this action in May 1960. Before he purchased the note the plaintiff knew that suit had been instituted by the administratrix of the M. S. Lightner Estate; that there had been a nonsuit in the action; that the defendant claimed that she did not owe the note; and that she would refuse to pay it.
Over the objection of the plaintiff the defendant introduced the testimony of three witnesses, one of whom was the defendant, that at the time the note in suit was executed and delivered it was the intention of the parties to the note that it was not to be paid by the defendant or collected by the payee, M. S. Lightner, and that on subsequent occasions he stated that he did not intend to collect the note from the defendant. It appears, however, from the testimony of the defendant and another witness who testified in her behalf that the note was given to and held by M. S. Lightner to protect him in his investment in the greenhouse property, as a residence for M. S. Lightner and his wife and the defendant, in any settlement of the estate of the defendant, who testified that she had not made a will and that in the event of her death intestate her heirs would have been persons other than M. S. Lightner. The defendant testified that when the property was purchased the deed was made to her; that it was to be her home and her property; and that M. S. Lightner never claimed to own any interest in it. Concerning the circumstances attending the execution of the note she was asked this question: "Q. Now, Miss Lillie, I wish you would tell the jury, in your own words, just what the circumstances were when the note involved in this case was signed by you?" To that question she gave this answer: "A. Well, Marvin presented me with this note, saying that he felt like he ought to have something. He felt like he would like to have some assurance of some benefit from it in case anything happened to me." She also testified that: "He just had it for safe-keeping, just to make him safe."
After the conclusion of the evidence and the court had acted upon the instructions offered by each of the parties but before the instructions which the court had decided to give were read to the jury or the case had been argued by counsel, the court orally instructed the jury to disregard the testimony of the three witnesses in behalf of the defendant in regard to statements made by M. S. Lightner that he never intended to collect the note and other statements of the same character and the statements of the defendant as to the intention of the parties at the time the note was given. The court also orally instructed the jury that the defense in the case was want of consideration and that the real question to be determined by the jury was whether there was want of consideration for the note.
The plaintiff assigns as error the action of the circuit court (1) in permitting the defendant, in the absence of a special plea of failure of consideration, to introduce evidence in support of her contention that the note was not based upon a valuable consideration; (2) in permitting the defendant to introduce and the jury to hear evidence that it was the intention of the parties to the note that it should not be collected from the defendant by the payee, M. S. Lightner, and that the oral instruction of the court that the jury should not consider such evidence did not effectively withdraw it from consideration by the jury; and (3) in refusing to give Instruction No. 1 and Instruction No. 3, offered by the plaintiff, and in giving Instruction No. 1, offered by the defendant.
The contention of the plaintiff that in the absence of a special plea of failure of consideration evidence that the note was not issued for a valuable consideration was inadmissible is completely devoid of merit. The law is well settled that between *360 the parties to a negotiable note the consideration is open to inquiry. Rauschenbach v. The Estate of W. W. McDaniel, 122 W.Va. 632, 11 S.E.2d 852; Federal Savings and Trust Company v. Davis, 104 W.Va. 235, 139 S.E. 703; 1 Daniel on Negotiable Instruments, 7th edition, Section 190; 8 Am.Jur., Bills and Notes, Section 1101. There is a well recognized distinction between failure of consideration and want of consideration. In the Rauschenbach case the sole defense to a negotiable promissory note was want of consideration and in the opinion in that case this Court said: "What is meant by want of consideration? Want of consideration embraces transactions where no consideration was intended to pass. In re Killeen's Estate, 310 Pa. 182, 165 A. 34. Such condition is to be distinguished from failure of consideration, which means that something presumably of value moving from the obligee to the obligor was intended, but did not materialize." It is likewise well established that the defense of want of consideration is provable under the general issue. Baker v. Letzkus, 113 W.Va. 533, 168 S.E. 806; Davis v. Fisher, 90 W.Va. 417, 111 S.E. 155; First National Bank of West Union v. Freeman, 89 W.Va. 344, 109 S.E. 726; First National Bank of West Union v. Freeman, 83 W.Va. 477, 98 S.E. 558; Sutherland v. Guthrie, 82 W.Va. 419, 96 S.E. 61; Morgantown Bank v. Foster, 35 W.Va. 357, 13 S.E. 996; Hogg's Pleading and Forms, 4th edition, Sections 266 and 267; Modern Law of Assumpsit, Kittle, Section 364; Burks Pleading and Practice, 4th edition, Section 79, page 160, Section 99, page 208. Though the defendant did not file a plea of the general issue, the counter affidavit which she filed under Section 6, Article 2, Chapter 56, Code, 1931, as amended, was tantamount to and will be treated in effect as a plea of the general issue. Fayetteville Building & Loan Association v. Crouch, 115 W.Va. 651, 177 S.E. 532; Nichols v. Island Gas Company, 114 W.Va. 80, 170 S.E. 912.
Though between the parties to a negotiable note the consideration is open to inquiry, Section 1, Article 2, Chapter 46, Code, 1931, expressly provides that every negotiable instrument is deemed prima facie to have been issued for a valuable consideration and that every person whose signature appears upon it is deemed prima facie to have become a party to it for value. A negotiable note, as between the payee and the maker, is deemed prima facie to have been issued for a valuable consideration, and will be so held in the absence of evidence to the contrary. Rauschenbach v. The Estate of W. W. McDaniel, 122 W.Va. 632, 11 S.E.2d 852; Reid's Administrator v. Windsor, 111 Va. 825, 69 S.E. 1101. The burden of showing want of consideration for a negotiable promissory note rests upon him who attacks it on that ground. Shinn v. Westfall, 95 W.Va. 292, 120 S.E. 762. When, however, evidence has been introduced by the defendant to rebut the presumption that such note was issued for a valuable consideration the burden is upon the plaintiff to satisfy the jury by a preponderance of the evidence that there was a valuable consideration for the note. Hunt v. Eure, 188 N.C. 716, 125 S.E. 484; Campbell v. McCormac, 90 N.C. 491; Tremont Trust Company v. Brand, 244 Mass. 421, 138 N.E. 564. In an action on a negotiable promissory note the words "for value received" are prima facie evidence of consideration and the maker of the note by the use of such words makes clear that he deemed that there was valuable consideration for the execution of the instrument. Rauschenbach v. The Estate of W. W. McDaniel, 122 W.Va. 632, 11 S.E.2d 852; Chaltas v. Chronis, 261 Mass. 221, 158 N.E. 757.
The evidence to establish lack of consideration was admissible under the statutory counter affidavit filed by the defendant but such evidence utterly fails to establish the contention of the defendant that the note in suit was not issued for a valuable consideration. On the contrary the *361 evidence shows beyond question that the note was issued for a valuable consideration. The defendant admits that it was given to the payee, M. S. Lightner, to protect him in his substantial monetary investment in the residence property and as there is no showing that such investment, which exceeded the principal amount of the note, constituted a gift, it should, under the evidence, be considered to be an antecedent or a pre-existing debt at the time the note was executed, which, by Section 2, Article 2, Chapter 46, Code, 1931, "constitutes value, and is deemed such,". See Freeman v. Davenport Peters Company, 272 Mass. 321, 172 N.E. 234.
The competent evidence bearing upon the question whether the note was issued for a valuable consideration is not sufficient to show want of consideration but on the contrary shows clearly that the note was issued for a valuable consideration. The verdict of the jury which necessarily found that there was no consideration for the note, being without sufficient evidence to support it on that point, must be set aside. A verdict of a jury which is without sufficient evidence to support it, or is plainly against the decided weight and preponderance of conflicting evidence, will on proper motion be set aside by the court. Campbell v. Campbell, W.Va., 124 S.E.2d 345; Preston County Coke Company v. Preston County Light and Power Company, W.Va., 119 S.E.2d 420; Mulroy v. Co-Operative Transit Company, 142 W.Va. 165, 96 S.E.2d 63; Keller v. Wonn, 140 W.Va. 860, 87 S.E.2d 453; Hartley v. Crede, 140 W.Va. 133, 82 S.E.2d 672; Wickline v. Monongahela Power Company, 139 W.Va. 732, 81 S.E.2d 326; Stenger v. Hope Natural Gas Company, 139 W.Va. 549, 80 S.E.2d 889; Ritz v. Kingdon, 139 W.Va. 189, 79 S.E.2d 123; Homes v. Monongahela Power Company, 136 W.Va. 877, 69 S.E.2d 131; Kap-Tex, Inc. v. Romans, 136 W.Va. 489, 67 S.E.2d 847; DeLuz v. Board, 135 W.Va. 806, 65 S.E.2d 201. Furthermore, though the testimony of the defendant that she received nothing for the note is in conflict with many other undisputed facts and circumstances which clearly establish a valuable consideration for the note, such facts and circumstances are sufficient to cause this case to turn in favor of the plaintiff on the controlling issue relating to a valuable consideration for the note. When the evidence, though conflicting as a whole, embraces uncontradicted facts and circumstances which cause the case to turn in favor of one of the parties so that a verdict adverse to such party can not stand, the court should direct a verdict in his favor. Campbell v. Campbell, W.Va., 124 S.E.2d 345; Preston County Coke Company v. Preston County Light and Power Company, W.Va., 119 S.E.2d 420; Mulroy v. Co-Operative Transit Company, 142 W.Va. 165, 95 S.E.2d 63; Adkins v. Aetna Life Insurance Company, 130 W.Va. 362, 43 S.E.2d 372; Norvell v. Kanawha and Michigan Railway Company, 67 W.Va. 467, 68 S.E. 288, 29 L.R.A., N.S., 325.
The only defense to the note interposed by the defendant, with respect to which competent evidence was offered or admitted, was the defense of lack of consideration and as the defendant has utterly failed to establish that defense by competent evidence, the circuit court should have sustained the motion of the plaintiff at the conclusion of the evidence to direct the jury to return a verdict for the plaintiff or, having declined to sustain such motion, should have given Instruction No 1, offered by the plaintiff, which would have directed the jury to return a verdict for the plaintiff in the sum of $16,993.08, the aggregate of the principal and the interest at the date of the trial. The refusal of the circuit court to direct such verdict or to give such instruction constituted reversible error.
The note here in suit expresses no time for payment and under Section 7, Article 1, Chapter 46, Code, 1931, is an instrument payable on demand. The well established general rule is that a promissory *362 note payable on demand becomes due and payable upon its delivery and that the statute of limitations begins to run upon such instrument from the date of its execution and not from the time of demand, as payment can be immediately demanded and an actual demand is not necessary to complete the cause of action; but though a promissory note payable on demand may become due and payable upon delivery for the purposes of suit, such instrument is not overdue, within the rule which subjects the transferee of overdue paper of defenses available between the original parties, until a reasonable time has elapsed. 8 Am.Jur., Bills and Notes, Sections 278 and 428; 10 C.J.S., Bills and Notes § 247b. See also Laidly v. Smith, 32 W.Va. 387, 9 S.E. 209, 25 Am.St.Rep. 825. When an instrument is payable on demand, it is not necessary to aver and prove a demand and the institution of a suit upon such instrument constitutes a sufficient demand. Doughterty v. Western Bank, 13 Ga. 287. After sufficient demand an instrument payable on demand becomes an overdue instrument.
It appears from the evidence that the administratrix of the estate of M. S. Lightner, the payee, instituted an action against the maker, the defendant Lillie E. Lightner, in which action the administratrix took a nonsuit, before she sold the note to the plaintiff for $100.00 and transferred it to him. As the transfer of the note occurred after its maturity the plaintiff did not become a holder of the note in due course but instead became an assignee of the note for a valuable consideration and as such held it subject to defenses available between the original parties to it. Ordinarily the assignee acquires no greater right than that possessed by his assignor, and he stands in his shoes. Cook v. Eastern Gas and Fuel Associates, 129 W.Va. 146, 39 S.E.2d 321; Hughes v. McDermitt, 86 W. Va. 86, 102 S.E. 767; Thomas v. Linn, 40 W.Va. 122, 20 S.E. 878; Davis v. Wayne County Court, 38 W.Va. 104, 18 S.E. 373. Normally the assignee takes subject to all the defenses and all the equities which could have been set up against the instrument in the hands of the assignor at the time of the assignment. Cook v. Eastern Gas and Fuel Associates, 129 W.Va. 146, 39 S.E.2d 321; The Horner-Gaylord Company v. Fawcett, 50 W.Va. 487, 40 S.E. 564, 57 L.R.A. 869; 4 Am.Jur., Assignments, Section 95. See also State ex rel. Huddleston v. County Court of McDowell County, 98 W.Va. 706, 128 S.E. 925.
Though the note in the hands of the plaintiff as assignee was subject to the defense of want of consideration it was not subject to the futile, unavailing and utterly inadequate defense of a prior or contemporaneous oral understanding or agreement between the parties to it that it was their intention that it should not be paid by the defendant or that the payee, M. S. Lightner, would not collect it from her. The note was complete, regular and certain in form, its terms and provisions were clear and free from ambiguity, and they contained and expressed the entire contract between the parties to it. Whether the plaintiff owned the note as a holder in due course, as he did not, because of its transfer after its maturity, or as an assignee for a valuable consideration, as he did, it could not be varied or contradicted by an oral agreement made prior to or contemporaneously with the execution and delivery of the note. 8 Am.Jur., Bills and Notes, Section 1058.
This Court has consistently held that parol evidence to prove an agreement between the maker and the payee of a note that the maker should not be required to pay it is inadmissible under the rule inhibiting the introduction of parol evidence to contradict, vary, add to, or detract from the terms of an unambiguous written instrument. Point 2, syllabus, Tabler v. Hoult, 110 W. Va. 542, 158 S.E. 782; West Virginia Mack Sales Company v. Brown, 139 W.Va. 667, 81 S.E.2d 103; Duty v. Sprinkle, 64 W.Va. 39, 60 S.E. 882. See also The First Huntington National Bank v. The *363 Gideon-Broh Realty Company, 139 W.Va. 130, 79 S.E.2d 675; Hartmann v. The Windsor Hotel Company, 136 W.Va. 681, 68 S.E.2d 34; Shaffer v. Calvert Fire Insurance Company, 135 W.Va. 153, 62 S.E. 2d 699; Kanawha Banking and Trust Company v. Gilbert, 131 W.Va. 88, 46 S.E.2d 225; Colerider v. Central National Bank of Buckhannon, 125 W.Va. 760, 25 S.E.2d 903; Central Trust Company v. Virginia Trust Company, 120 W.Va. 23, 197 S.E. 12. The evidence, introduced in behalf of the defendant over the objection of the plaintiff, to the effect that it was not the intention of the parties to the note that the defendant should be required to pay it was clearly inadmissible and the trial court committed error in admitting it. Inasmuch as the judgment must be reversed and the case remanded for a new trial, it is unnecessary to determine whether such error was cured by the action of the circuit court in orally instructing the jury to disregard such evidence. It is also unnecessary to consider or discuss the action of the circuit court in refusing to give Instruction No. 3, offered by the plaintiff, and in giving Instruction No. 1, offered by the defendant.
The judgment of the circuit court is reversed, the verdict of the jury is set aside, and this case is remanded to that court for a new trial which is here awarded the plaintiff.
Judgment reversed, verdict set aside, new trial awarded.