# CHARLESTON.

FEDERAL SAVINGS & TRUST COMPANY *v.* RAYMOND M. DAVIS *et al*

(No. 5945)

Submitted September 20, 1927.    Decided September 27, 1927.

BILLS AND NOTES—EVIDENCE—*Lack of Consideration is Defense Against Holder of Negotiable Instrument Acquired After Maturity; Parol Evidence is Admissible to Establish Lack of Consideration Against Holder of Negotiable Instrument Acquired After Maturity (Code, c. 98-A, §§ 28, 52).*

Absence of consideration is a matter of defense, as against the holder of a negotiable instrument acquired after maturity.    Parol evidence is admissible in such defense.

(Bills and Notes, 8 C. J. § 1019; Evidence, 22 C. J. § 1559.)

(NOTE:    Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Monongalia County.

Action by the Federal Savings & Trust Company against Raymond M. Davis and others. Judgment for plaintiff, and defendants bring error.

*Reversed.*

*Moreland & Guy,* for plaintiffs in error.

*Donley & Hatfield* and *Robert D. Donley,* for defendant in error.

HATCHER, PRESIDENT:

In this action the plaintiff recovered a judgment of $6,-624.79 on a note. The note was dated August 10, 1920, was signed by defendants as makers, and was payable in the sum of $5,000.00 one year after date to the order of Armorcord Rubber Company. The name of the company was endorsed on the note by Joseph H. McDermit, its president. It was also endorsed by him individually.

The president of the plaintiff testified that his bank accepted the note from McDermit in January 1925 as collateral on a note of McDermit's. The witness also filed with his evidence two certificates, each for twenty-five shares of Armorcord Rubber Company stock, one made to and endorsed by defendant Davis, the other made to and endorsed by defendant Gilbert. He testified that the certificates were held as collateral with the note in question, and that the note was given for ''fifty shares Armorcord Rubber Company Stock—collateral security''. What the witness meant by this statement is not clear, nor does it appear how he obtained his information.

The defendants admitted making the note, but offered to prove that the note was signed by them solely as an accommodation note, with an understanding between them and McDermit that the note was to be put up as collateral to enable the Rubber Company to take care of its payroll; that it was not to be collected; and that after it had served its purpose as temporary collateral, it was to be returned to the makers. The defendants also offered to prove that McDermit gave as his reasons for asking the defendants to sign the note that

he was a borrower to such an extent that, unaided, he would probably have difficulty in securing the money. They admitted endorsing the certificates; but offered to prove that they had not bargained for any stock in the company, and had refused to purchase same; that the stock was issued to them voluntarily by McDermit in order that it might be put up as collateral with the note in question; that the whole transaction was assented to by them for the purpose of enabling the company to take care of its payroll, and that the company had never called on them to pay the note.

The trial court rejected the evidence proffered by the defendants, and directed the jury to find for the plaintiff the full amount of its claim.

"Absence or failure of consideration is a matter of defense as against any person not a holder in due course." Code, Ch. 98 A, Sec. 28. The plaintiff is not a holder in due course, as it did not acquire the note in question until long after its maturity. Sec. 52, *supra.* Therefore, the defendants are entitled to make the defense of absence of consideration against the plaintiff. This defense may be made by parol evidence. "It is a well-established principle of the law, pertaining to bills of exchange and promissory notes, that in all cases in which the consideration is open to inquiry, parol evidence is admissible to show the want, failure or illegality of the consideration." 4 A. & E. Ency. Law, 2nd. Ed., 199. Daniel, Neg. Inst. 6th Ed., Sec. 81a; 2 Ency. of Ev., 491; 3 R. C. L., 943; *Faulkner* v. *Thomas,* 48 W. Va. 148. "Parol evidence is admissible in an action on an accommodation note negotiated after maturity, to show that the note was used by the accommodated party for a purpose other than that for which the accommodation party signed it." *Schlamp* v. *Manewal,* 196 Mo. App. 114. "These two, the accommodation character of paper and want of consideration, are inseparably connected, and may be shown by parol." *State Bank* v. *Pangerl,* 139 Minn. 19 (21); *Huffman* v. *Manley,* 83 W. Va. 503 (506); Brannon Neg. Inst. Law, 4th Ed., Sec. 29, p. 268. The Negotiable Instruments Law has not affected this rule. "It is well settled that the rule against varying the terms of a written instrument by parol evidence

does not apply at all to evidence tending to show, as between the parties, that the contract was void for want of consideration or the like. * * * And this is still the case under the Negotiable Instruments act of 1902.'' *Peoples National Bank* v. *Schepflin,* 73 N. J. L. 29. See cases cited under Sec. 28, p. 255, Brannon, *supra,* and on pages 171, 172, Vol. 5, Uniform Laws Ann. (Neg. Instr.).

There is a recital in the note, that fifty shares of stock were put up by the makers as collateral security for its payment. Appellee points to the note and to the stock certificates and contends that the court ''can plainly see by written evidence that the defendants did receive value * * * in the form of stock certificates in consideration for signing the note'', and that therefore they are not accommodation parties. That contention would have the court ignore the offer of defendants to present evidence in opposition thereto. It would have the court decide the issue in advance of the defendants' proof, solely on favorable inferences from appellee's evidence. It would deprive the defendants of the very defense (absence of consideration) assured them by the statute. Whether the evidence of appellee should prevail over that of the defendants can not be determined until the defendants have presented their case. The proof offered in furtherance of their defense being admissible, it was error to suppress it.

The judgment of the lower court is therefore

*Reversed.*