A. B. Shannon *v.* E. E. Lampton

(No. 7865)

Submitted November 14, 1934. Decided December 22, 1934.

Paul D. Blackshear, for plaintiff in error.
Lyman Toler, for defendant in error.

766

KENNA, JUDGE:

This action originated in the court of a justice of the peace for Wyoming County. There was judgment for the plaintiff, and upon appeal to the circuit court a jury verdict for the defendant was, on motion of the plaintiff, set aside. The defendant in the circuit court prosecutes this writ of error.

The action was brought on a promissory note signed by the defendant, E. E. Lampton, and payable to the order of plaintiff, A. B. Shannon. There is no controversy as to the genuineness nor the amount of the note, and by stipulation, it appears that there are two other notes in approximately the same amount that are to abide the outcome of this action. At the trial in the circuit court, the defendant entered a general denial of all liability and filed a special plea setting up failure of consideration. The transcript of the evidence consists of the plaintiff's statement of the transaction out of which the notes arose, on the one hand, and of the defendant's statement of that transaction on the other.

According to the version of the plaintiff, sometime in November, 1928, he sold a lot to the defendant in Glen Fork Junction for $500.00, the defendant paying him one dollar in cash and giving him three notes aggregating $499.00, of which the note sued on is one. There was no written contract of sale, nothing further has been paid on the contract price, and no deed for the lot was ever executed. Since the notes were made, it appears that the plaintiff has conveyed the lot, along with others in the same sub-division, to his daughter, taking from her a power of attorney that authorizes him to name persons to whom his daughter shall make deeds. Since the deed to the daughter, the property has since been conveyed to the plaintiff's wife, subject to the arrangement that had been entered into with the daughter. The plaintiff testified that he was ready, willing and able to perform his undertaking to cause the lot to be conveyed to the defendant.

The defendant's version of the transaction admits the

execution and delivery of the notes to Shannon, the plaintiff. He denies having paid the one dollar to Shannon at the time of the delivery of the notes. He states that he was in the business of selling building materials and supplies and had been able to make sales to certain persons who were building homes in the plaintiff's sub-division. Defendant testifies that at the time of making the notes to Shannon, he had in mind a prospect to whom he thought he could sell the lot in question, and that this was explained by him to Shannon, who agreed with him that the notes should be made and delivered, but that in the event that he, the defendant, did not succeed in re-selling the lot, the notes were to be cancelled and held for naught. According to the defendant's version, his interest in the matter was to get the lots in the hands of someone who would build and would purchase building materials from him. He states that it developed that he could not dispose of the lot in the manner contemplated and that after this fact became known to him, he went to Shannon and so stated, whereupon Shannon agreed that the notes were to be regarded as cancelled.

In this state of the evidence, the case was submitted to a jury with the result that a verdict was rendered in favor of the defendant. This verdict the trial court set aside, and it is this action that is under review.

The defendant contends that the verdict should not have been set aside because there was substantial proof showing that he received no consideration whatever for the notes, that they were made subject to a condition precedent contemplating a contingency to their effectiveness, which never occurred, and that even on the plaintiff's version, he received no contract for the conveyance of the lot that would be enforceable under the statute of frauds.

The plaintiff replies that to permit the defendant to show the verbal contract making the effectiveness of the notes subject to a future contingency, would violate the parol evidence rule, and that the statute of frauds does not apply to his undertaking to convey the lot to the defendant because of the partial performance of the con-

tract between them evidenced by the making and delivery of the notes.

We do not believe that it is material to go into the questions respecting the statute of frauds. The case, we believe, turns upon the simpler proposition that, as between maker and payee, the consideration or the lack of consideration for the giving of a promissory note may be shown by parol testimony. *Savings & Trust Co.* v. *Davis,* 104 W. Va. 235, 139 S. E. 703. It is to be remembered that this case originated before a justice of the peace, and therefore that the formality of pleadings required where issues are made up in courts of record does not obtain. It seems plain to us that there was substantial evidence before the jury showing that the defendant, Lampton, in fact received no consideration for the notes that he made and delivered to the plaintiff, Shannon. It is true that there is sharp conflict between their two versions of the transaction, but the jury by its verdict accepted the defendant's theory. We do not believe that all reasonable minds would unite on overthrowing this theory in favor of the plaintiff, and consequently, we are of opinion that the learned trial judge erred in setting aside the verdict in favor of the defendant. For the reasons stated, that verdict will be reinstated, and judgment here will be rendered thereon for the defendant.

*Reversed and rendered.*