ATTORNEYS' NATIONAL CLEARING HOUSE, *a Corporation, v.*
JAMES E. GREEVER

(No. 8943)

Submitted October 17, 1939. Decided November 14, 1939.

*Samuel Solins* and *W. H. Ballard,* for plaintiff in error.
*C. A. Joyce,* for defendant in error.

MAXWELL, JUDGE:

Attorneys' National Clearing house, a corporation, brought this action against James E. Greever in the circuit court of Logan County for $487.67, based on a note for $350.00 and a check for $89.12, both signed by the de-

fendant. The amount asserted is ascertained by the addition of proper interest on each item and allowing against the second item a credit of $35.65. Concluding a jury trial, there was verdict in favor of the plaintiff and against the defendant for $175.43. The plaintiff protested that the verdict was inadequate and moved to set it aside. The court overruled the motion and, over the objection of the plaintiff, entered judgment on the verdict. This writ of error was awarded the plaintiff.

The plaintiff is the publisher of a roll of attorneys throughout the United States and operates under a plan whereby it guarantees to its patrons that it will make good any amounts collected for them by plaintiff's attorneys and not accounted for by the latter. For a number of years the defendant, who is an attorney at the Logan County Bar, was the plaintiff's regularly listed attorney for that county.

On the 9th of March, 1934, an authorized agent of the plaintiff called at the defendant's office in the City of Logan, and requested from him a settlement of various sums alleged to have been collected by the defendant for patrons of the plaintiff and not accounted for by the defendant. The defendant's explanation of the situation, which had then reached an acute stage, was that a number of checks which he had recently written in favor of the owners of the claims, respectively, had not been paid because the bank on which they were drawn had closed its doors before the checks were returned there in due course for payment. The result of the conference was that on the date stated the defendant paid the plaintiff $350.42 in cash and made and delivered to it, through its agent, his note for $350.00, due December 31, 1934. This adjustment was presumed by the parties to be inclusive of all items for which the plaintiff claimed that the defendant was liable. However, a few days later, the plaintiff's agent discovered that there had been overlooked in the settlement an item of $89.12, represented by a check which the defendant had issued sometime previously in favor of a claim owner. The defendant promptly admitted the over-

sight. These are the two items which lie at the basis of this action.

At the trial, the court permitted the defendant, over the objection of the plaintiff, to testify that the settlement entered into March 9, 1934, was erroneous because, in respect of most of the claims then considered, no credit had been allowed him for fees or commissions for services rendered by him in making the collections. He further testified that at the time stated there was an agreement between him and the representative of the plaintiff that later there could be made "any adjustments that may be necessary to correct it (the note) to the right amount * * *."

For about three years after the settlement of March 9, 1934, the defendant made no criticism of the settlement. In fact, in two letters written by him to the plaintiff, the first under date of June 6, 1936, and the other dated December 19, 1936, he clearly indicated his intention of paying the note without undue delay.

Respecting the trial court's action in permitting the defendant to testify at the trial that he had not been allowed proper credits in the settlement, the defendant seeks to justify what was done on two theories: (1) that there was failure of consideration and that he had a right to adduce testimony to prove wherein there had been such failure, and (2) that there was a contemporaneous collateral agreement by reason whereof the defendant was induced to sign the note, and that this agreement had been breached by the plaintiff.

In situations where the consideration is open to inquiry, parol evidence may be admitted to establish absence of consideration. *Savings & Trust Co. v. Davis*, 104 W. Va. 235, 139 S. E. 703. "Absence or failure of consideration is a matter of defense as against any person not a holder in due course, and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and a liquidated amount or otherwise." Code, 46-2-5. But to permit a defense of failure or partial failure of consideration there must be a special plea which fairly

puts the plaintiff on notice of the defense to be made. Code, 56-5-5. No plea meeting such requirement was filed in this case. The only special plea in the case pertains to other matters, namely, first, that the defendant's signature to the note was procured by fraud in that the plaintiff's agent promised and agreed with the defendant that he should be continued as the plaintiff's legal representative in Logan County, which was not done; and, second, that the agent further agreed that payment of the note or any part thereof would be demanded only when dividends were paid by the receiver of the bank whereon the defendant had issued checks as hereinabove stated in favor of the various creditors represented by the plaintiff, and that no interest would at any time be charged on the note or any part thereof. None of the matters set forth in the special plea was proper for defense in the absence of allegation and proof that the plaintiff's agent had authority from his principal to make such undertakings, and that the defendant did not owe the debt. If, in fact, he owed the debt, inducements leading him to sign a note covering the same would not be material. And even if the plea were sufficient in form, such defense would not be proper if the matter relied on would have the effect of varying the terms of the written contract as exemplified by the note. In the absence of a showing of fraud or mistake, an unambiguous writing must speak for itself as the repository of the agreement between the parties. *Central Trust Co.* v. *Virginia Trust Co.*, 120 W. Va. 23, 197 S. E. 12; *Collins* v. *Treat,* 108 W. Va. 443, 152 S. E. 205.

The defendant relies on the case of *Boardman* v. *Frick,* 95 W. Va. 263, 120 S. E. 883, in support of the proposition that in a suit between the original parties to a note the maker may show that he was induced to make the same by a contemporaneous parol agreement between himself and the payee, and that the latter has breached the agreement. But this rule, backgrounded on fraud, presupposes a special plea clearly and fully setting forth the defense relied upon, and adequate proof to sustain the same, neither of which is present herein.

For reasons which appear in the foregoing discussion it is manifest that the defendant's instruction No. 1 was erroneous wherein it advised the jury that "any credits or defense that could have been set up against the claim before the note was drawn can be offered against said note." Also, there was prejudicial error in the instruction prepared by the court, informing the jury that if they believed from the evidence a complete agreement was entered into between the agent of the plaintiff and the defendant in settlement of the account between them, the plaintiff would be entitled to recover the amount of the note with interest, "but, if the jury believe there was no agreement entered into, whether the same was in writing or verbal, then the amount the plaintiff is entitled to recover must depend upon the facts and circumstances in the case as disclosed by the evidence in the case." The quoted portion of the instruction is erroneous because it ignores the fact that the note itself—a promise to pay money—is an agreement the terms whereof cannot be changed or varied by parol evidence.

Because of the errors hereinabove pointed out, the judgment is reversed, the verdict set aside, and a new trial awarded.

*Reversed and remanded.*